[Sac. No. 781.   Department Two.—November 6, 1901.]

WILLIAM S. MOSS, an Incompetent Person, by his Guardian, etc., Respondent, v. MARY ODELL, Appellant.

MORTGAGE — ACCOUNTING OF MORTGAGEE IN POSSESSION — RENTS AND PROFITS — SECURITY FOR FUTURE ADVANCES. — A mortgagee in possession is chargeable, upon an accounting with the mortgagor, for the rents and profits arising from the land mortgaged; and where the possession of the mortgagee was taken under a deed, and cotemporaneous agreement expressly providing for the repayment of future advances with interest, it is immaterial that there was no actual indebtedness at the date of the mortgage.

ID. — MONEYS AND CHOSES IN ACTION TURNED OVER TO MORTGAGEE — NOTE OF MORTGAGEE TO MORTGAGOR — PAYMENT — DECREE FOR ACCOUNTING. — Where it appears that the plaintiff, at the time of the mortgage, turned over notes, moneys, and choses in action to the mortgagee, who was the sister of the mortgagor, in whom he had great confidence, such notes, moneys, and choses in action were properly included in the decree for the accounting; and the defendant cannot complain that one of the notes so included was a note given by the mortgagee to the mortgagor, and that it should not be in-

---

[1] 29 Am. Dec. 586.

cluded because possession thereof was *prima facie* evidence of pay-
ment. The mortgagee, upon the accounting, may show his right
to the note; and it will be time enough to complain when the mort-
gagee is finally adjudged responsible to the mortgagor for the
amount of such note.

APPEAL from a judgment of the Superior Court of San Joa-
quin County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

Louttit & Middlecoff, for Appellant.

Budd & Thompson, and J. G. Swinnerton, for Respondent.

HENSHAW, J.—Plaintiff, an incompetent person, by his
guardian, sued defendant, his sister, in an action for account-
ing, and for cause of action alleged that he had executed to
her a mortgage on land which he owned, the mortgage being
to secure such advances as defendant might make to plaintiff,
and to secure the repayment of such taxes as defendant might
pay upon the land; that at the same time, and as part of the
same transaction, and as security for such advances, plaintiff
turned over to defendant certain notes, moneys, and choses in
action, in value from three thousand to five thousand dollars;
that plaintiff, during all the times of these transactions, was
an incompetent person, and had the utmost faith and confi-
dence in his sister. He did not know how much money had
been advanced by his sister to him, and expended and laid
out upon his account, and on account of the land, and offering
to pay all that was justly due to her, prayed for an accounting
in which should be included the value of the choses in action
so made over to her, and all the rents, issues, and profits of
the land, into the possession of which she had gone. Issue
was joined upon these averments, and the court found that
the writings between the parties—which consisted, first, of a
deed, and second, of a cotemporaneous agreement to reconvey
upon repayment of the moneys advanced, with interest, and
the taxes which might have been paid—constituted a mort-
gage; found that plaintiff had turned over to defendant certain
choses in action, but that they were not pledged with her as
part of the mortgage transaction; found that plaintiff was not
incompetent during the times pleaded, but had become so only
at a date shortly before the commencement of this action; and

decreed that an accounting should be taken of the transactions between the parties, covering the matters and things above set forth. From this decree defendant appeals. The transaction between the parties touching the land was, upon abundant evidence, found by the court to have been a mortgage. The action by the plaintiff was within four years from the maturity of the mortgage, and was not barred by the statute of limitations. Defendant thus became a mortgagee in possession, and in an accounting between the parties was properly chargeable with the rents and profits arising from the land. It matters not that there was no indebtedness from plaintiff to defendant at the time the mortgage was given. The mortgage clearly provides, in its terms, that it is security for future advances. One of the choses in action was a promissory note given by defendant to plaintiff, and in turn made over by plaintiff to defendant. Defendant objects that the possession of the promissory note was *prima facie* evidence of her payment of it, and that the court erred, therefore, in ordering that the note should be taken into consideration in the accounting. So far as the nature of the transactions can be gathered from the findings, it may be that the note was merely deposited by the plaintiff with his sister for safe-keeping, or made over to her as admittedly he made over certain other choses in action. Upon the accounting it may be established that defendant is in fact the owner of the note. It will be time enough for defendant to complain when she shall have been adjudged finally to be responsible for the amount of it.

The judgment appealed from is affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.