[Sac. No. 1091.  Department One.—December 19, 1903.]

WILLIAM S. MOSS, Respondent, v. MARY B. ODELL, Appellant.

141 335
149 645

MORTGAGE—DEED ABSOLUTE—POSSESSION OF MORTGAGEE—ACCOUNTING —COMPENSATION.—In an action by the mortgagor for an accounting and reconveyance of property conveyed to a mortgagee by deed absolute in form, intended as a mortgage, the mortgagee in possession is not entitled to compensation.

ID.—ITEMS OF ACCOUNT—MONEYS RECEIVED TO USE OF MORTGAGOR— MONEYS DISBURSED—STATUTE OF LIMITATIONS.—Moneys received by the mortgagee in possession to the use of the mortgagor, as the owner of the equitable interest, were properly chargeable to the mortgagee; and the mortgagee should have been credited with moneys paid to the mortgagor and to his use.  The statute of limitations as to the accounting only begins to run from the last item charged on either side.

ID.—PAYMENT OF NOTE OF MORTGAGEE TO MORTGAGOR—APPLICATION OF PAYMENTS—TIME OF ADVANCES.—Payments made by the mortgagee to the mortgagor, without direction as to their specific application, are to be regarded as applied on a note of the mortgagee to the mortgagor which was due prior to the mortgage, and the advances by the mortgagee under the mortgage must be regarded as commencing only upon the satisfaction of such note.

ID.—DELIVERY OF PAID NOTE MORE THAN FOUR YEARS AFTER MATURITY. —The subsequent delivery of the satisfied note to the mortgagee more than four years after its maturity is without significance, so far as treating it as discharged by payments of the mortgagee applied thereon is concerned.

ID.—REJECTION OF CREDITS—GREATER ERROR IN INTEREST—APPELLANT NOT INJURED—AFFIRMANCE OF JUDGMENT.—Where the rejection of credits which should have been allowed to the mortgagee appellant were more than offset by an error in the interest account in favor of the mortgagee, so that the result of a correct statement of the account would show a less indebtedness on the mortgage than that allowed by the court, the appellant is not injured by the result; and the judgment determining the amount of indebtedness secured by the mortgage will be affirmed.

ID.—INTERLOCUTORY DECREE— REFERENCE — AFFIRMANCE — PRINCIPLES NOT FIXED—CONSENT TO HEARING BY COURT—REVIEW UPON APPEAL. —Where an interlocutory decree for an accounting affirmed by this court ordered a reference to take the account against a mortgagee in possession, but did not purport finally to determine the rights of the parties as to the rules or principles upon which the account was to be taken, and by consent of the parties the reference was

abandoned, and a hearing had by the judge, the matter and method of the accounting was thereby set at large, and the decision of the court is subject to review in this court.

ID.—CONSTRUCTION OF FINDING—NON-PAYMENT OF NOTE—LEGAL SATISFACTION.—A finding as to non-payment of the note from the mortgagor to the mortgagee, taken in connection with the other findings, is construed to mean that there was never any express application of the advances as a payment thereon, and not that the note was not in fact satisfied by the legal application of the moneys advanced to the mortgagee as payments thereon.

APPEAL from a judgment of the Superior Court of San Joaquin County. G. W. Nicol, Judge presiding.

The facts are stated in the opinion.

Louttit & Middlecoff, for Appellant.

Budd & Thompson, for Respondent.

SMITH, C.—This suit was brought against defendant in possession, under a deed from the plaintiff to her, of date November 29, 1889, which, the complaint alleges, was intended as a mortgage. The deed was absolute on its face, but was accompanied by a written agreement, by the terms of which the defendant agreed to reconvey to the plaintiff on the twenty-ninth day of November, 1894, if on or before that date he should have repaid to defendant all advances made by her for the benefit of plaintiff for taxes or assessments on the land conveyed or otherwise. The complaint prayed for an accounting and reconveyance and for general relief. On a former trial the court found that the transaction was intended as a mortgage to secure the advances contemplated, and adjudged that at the date of the transaction the plaintiff was, and ever since has been, the owner of the land in question; that the defendant was a mortgagee in possession, and that an accounting was necessary to a final determination of the rights of the parties herein; which was ordered accordingly. The judgment was affirmed on appeal. (*Moss* v. *Odell,* 134 Cal. 464.) The present appeal is by the defendant from a subsequent judgment settling the account between the parties, and adjudging a balance against the plaintiff of three hundred dollars, upon the payment of which he is to be let into pos-

session; otherwise the mortgage to be foreclosed. The points urged by appellant for reversal relate exclusively to the account; to which it is objected—1. That defendant was improperly charged with her note to the plaintiff for the sum of $3,409, of date June 2, 1887, payable two years after date, with ten per cent interest; 2. That the sum of nine hundred dollars received by her for the sale of certain land, called the Butterick place, was also an improper charge; and 3. That she should have been credited with the sum of five hundred dollars paid to one Bullock, on a note for that amount made by the plaintiff to one William L. Moss, and the sum of two hundred dollars claimed to have been paid to plaintiff himself, and also with a reasonable compensation for the care of plaintiff and his property.

These objections, other than the first, may be briefly disposed of. The defendant, as mortgagee in possession, was not entitled to compensation. (3 Pomeroy's Equity Jurisprudence, sec. 1217.) As to the items of five hundred dollars and two hundred dollars, it may be assumed that they should have been allowed. As to the item of nine hundred dollars charged against her for money received from the sale of the Butterick place, this seems to be supported by her own evidence, which, we think, was not inconsistent with the fact that when the sale was made she held the title to that and other lands conveyed to her by the plaintiff. Notwithstanding this, the plaintiff may have had an equitable interest, and if this was the case, the money was received by the defendant, as she says it was, for the use of the plaintiff. Nor can it be held that this or any other item of receipts or disbursements was barred by the statute. (Code Civ. Proc., sec. 344.) Otherwise, the defendant's right of action to foreclose would also be barred.

This leaves us to consider only the defendant's note to plaintiff, which it is in effect found by the court—referring to the mortgage—was not delivered to the defendant "at the time, or as part of the same transaction," but was "received from" plaintiff by defendant, November 21, 1894,—that is to say, more than four years after it became due, at which time, it is claimed by the appellant, it was barred by the statute of limitations. But in fact the note had been satisfied in the year 1890, by payments made Mrs. Odell, without direction as

to their specific application, and hence to be regarded as applied on the note. (Civ. Code, sec. 1479, subd. 3.) This accounts for the subsequent delivery of the note to Mrs. Odell, which is therefore without significance. The advances by Mrs. Odell under the contract of November 29, 1889, must therefore be regarded as commencing only upon the satisfaction of the note in 1890.

In stating the account, as we have seen, the court disallowed the items of five hundred and two hundred dollars, which we have assumed should have been allowed, and also fifty dollars paid by Mrs. Odell as interest on the former item. But there is a countervailing error in favor of the defendant, which is, that she is allowed interest at eight per cent per annum upon all her advances, and charged with seven per cent only on her receipts, from their respective dates until the first day of February, 1902. But this is incorrect, both as to different rates of interest and method of computation; for all moneys received by her operated when received to reduce the plaintiff's indebtedness to her *pro tanto,* thus reducing the interest-bearing principal. Upon this basis, allowing Mrs. Odell her rejected credits, and crediting to Moss her receipts at their respective dates, the result of a correct statement of the account will be to show that Moss's indebtedness to her (if there is any) is much less than that allowed by the court. She is therefore not injured by the result.

We advise that the judgment appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Shaw, J., Van Dyke, J., Angellotti, J.

The following opinion was delivered by the court in Bank upon denial of a petition for rehearing January 16, 1904:—

THE COURT.—The petition for rehearing is denied. The rules or principles upon which the account was to be taken and stated were not irrevocably fixed and settled by the former interlocutory decree, and the decision of this court affirming the same. (*Moss* v. *Odell,* 134 Cal. 464.) That part of the

interlocutory decree does not of itself purport to finally determine the rights of the parties, but was a mere direction to the referee to take proof and report as to certain facts. The report was to be made to the court. The matter was still *in fieri*, and the court could at any time change the directions to the referee. In fact, however, the reference was abandoned, and by consent of the parties the evidence relating to the account was heard by the judge of the court below and the account was stated by him as part of the findings. This set the matter at large with respect to the interest to be allowed and the method of casting the account, and leaves it subject to review by this court on this appeal.

Nor is there anything in the opinion upon the former appeal purporting to declare the law upon these points, or to affirm this part of the interlocutory decree. On the contrary, that opinion expressly left open the questions relating to the rules and principles upon which the account should be settled and the credits adjusted, thus in effect holding that the decree then before the court was not final in these particulars, and this, whether correct or not in principle, has thus become the law of the case. We construe the finding that the note for $3,409 was not paid, taken in connection with the other findings, to mean that there never was any express application of the advances as a payment, and not that the note was not in fact satisfied by the moneys advanced.