[Civ. No. 6486. First Appellate District, Division Two.—March 16, 1929.]

H. B. HESSE, Respondent, v. COMMERCIAL CREDIT COMPANY (a Corporation), Appellant.

Charles W. Haswell for Appellant.

Joseph A. Brown for Respondent.

NOURSE, J.—Plaintiff sued on a common count for money had and received. He had judgment for $411.81 and defendant has appealed upon typewritten transcripts.

The evidence is that the money was paid to the defendant, or to its assignor, on account of a conditional sales contract covering the purchase of an automobile. On July 17, 1926, the plaintiff paid to the defendant's agent $53.20, which represented two overdue installments on the contract. At that time the agent agreed with plaintiff that he could make the two final payments on the contract ($26.59 each) in thirty and ninety days, respectively, though one of these payments was then due. Knowledge of this agreement was transmitted to defendant by an indorsement on the back of plaintiff's check of $53.20 which read as follows: "Balance of account on contract as held by Commercial Credit Co. of $53.20 to be paid Aug. 20 and Oct. 20, 1926." Under this indorsement the defendant added "Not a payment in full. Pay to the Dexter Horton National Bank of Seattle or order, Commercial Credit Co."; it then cashed the check and retained the proceeds. Within a week thereafter, and with but $53.20 remaining payable under the contract, the defendant repudiated the agreement of its agent, claimed a forfeiture of the sales contract, and took possession of the car.

On this appeal the appellant attacks the judgment as not sustained by the evidence. The trial court's findings were fully supported by the evidence, portions of which we have heretofore cited. All the elements necessary for a judgment for money had and received were established by uncontradicted proof.

Criticism is made of the refusal of the trial court to permit the defendant to amend its answer. The motion

to amend was made more than a year after the original answer was filed, and at a time when the cause was called for trial. No record has been made for the presentation of the point on this appeal. It does not appear that it was supported by affidavit or other showing. If the trial court deemed the delay unreasonable we cannot say that it abused its discretion in refusing leave to amend.

■ It is argued that the court should have deducted from the amount of the judgment the reasonable value of the use of the car during the period that it was in plaintiff's possession. This was not put in issue and no proof of the reasonable value of such use was made.

■ Appellant insists that the respondent failed to prove the authority of the agent to extend the payments. But appellant accepted the check with full knowledge of the agent's agreement; it retained the benefits of the agreement and knew that respondent acted and relied upon it. Appellant is, therefore, estopped from questioning the agent's authority. It is also claimed that this agreement was void as a modification by parol of a written contract, and as without consideration because the moneys were already made payable under the original contract. Both points have been determined adversely to appellant in *Johnson* v. *Kaeser*, 196 Cal. 686, 698 [239 Pac. 324].

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1929.

All the Justices present concurred.