Stephen C. Willson, Respondent, v. New York Telephone Company, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

The Bay Parkway National Bank of Brooklyn in New York, Respondent, v. Joseph Howard, Appellant, Impleaded with Morris Franco, Defendant.— Order denying motion to amend answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

In the Matter of a Proposed Change in the Map or Plan of The City of New York so as to Establish the Lines and Grades of Avenue Z across the Rights of Way of the New York Rapid Transit Corporation and of the Long Island Railroad Company between East Fifteenth Street and East Sixteenth Street, Borough of Brooklyn, in Accordance with a Map Bearing the Signature of the Commissioner of Public Works of the Borough of Brooklyn, Dated April 22, 1926. New York Rapid Transit Corporation, Appellant. The City of New York, Respondent.— Determination of the board of estimate and apportionment of the city of New York unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Petition of Nicholas Sheridan, Appellant, as Administrator, etc., of Mary E. Sheridan, Deceased, for the Discovery of Property. Charles Smith, and Reginald S. Hardy, as Special Guardian for Margaret R. Smith, an Infant, etc., Respondents.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

Robert M. Keleher, Appellant, v. O. Edwin Barnes, Inc., and O. Edwin Barnes, Respondents.— Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff, with costs, and the case remitted to Special Term for Trials to take proof as to the value of the stock converted. Plaintiff was entitled to notice of the sale of the securities pledged. The sale without such notice constituted a conversion of plaintiff's stock. (Lien Law, § 201; 21 R. C. L. 690; 49 C. J. 999; Jones Collateral Securities [3d ed.], § 609, p. 731; *Toplitz* v. *Bauer*, 161 N. Y. 325, 331; *Content* v. *Banner*, 184 id. 121; *Smith* v. *Craig*, 211 id. 456, 459.) Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur. Settle order on notice.