[Civ. No. 22814.   Second Dist., Div. Three.   Aug. 29, 1958.]

LEON J. GARRIE, Respondent, v. FRANK E. McCAULEY, as Administrator, etc., et al., Defendants; J. A. THOMPSON, Appellant.

Irsfeld & Irsfeld and James B. Irsfeld, Jr., for Appellant.

Leon J. Garrie, in pro. per., and Stanley Sapiro for Respondent.

VALLÉE, J.—Appeal by defendant J. A. Thompson from a judgment in favor of plaintiff for legal services rendered under an oral agreement.

The trial court found that between December 11, 1953, and February 1, 1955, defendant J. A. Thompson and decedent Norma McCauley became indebted to plaintiff in the sum of $9,900 for legal services performed by plaintiff for and on their behalf and at their special instance and request; the services were reasonably worth $9,900; $1,600 has been paid on account of the services, leaving a balance due, owing, and unpaid of $8,300 by defendants and each of them, together with interest thereon at 7 per cent per annum from February 1, 1955. Judgment followed against defendants J. A. Thompson and Frank E. McCauley as administrator of the estate of Norma T. McCauley, deceased, for $8,300 with interest. Separate appeals were taken from the judgment by defendants Frank E. McCauley as administrator and J. A. Thompson. The appeal of Frank E. McCauley has been dismissed. The appeal of J. A. Thompson, sometimes called defendant, is before us.

Defendant's main contention is that the evidence does not support the trial court's finding of an implied agreement on his part to pay plaintiff's fees.

Attention is directed at the outset to *Caron* v. *Andrew*, 133 Cal.App.2d 412, in which it is said (p. 416 [284 P.2d 544]):

" 'Contracts are often spoken of as express or implied. The distinction involves, however, no difference in legal effect, but lies merely in the mode of manifesting assent. (Rest., Law of Contracts, § 5.)

" 'It is generally held that the existence of an implied contract is usually a question of fact for the trial court. Where evidence is conflicting, or where reasonable conflicting inferences may be drawn from evidence which is not in conflict, a question of fact is presented for decision of the trial court.' "

This is a typical conflicting evidence case. Defendant J. A. Thompson was Norma McCauley's father. Frank and Norma McCauley were husband and wife. Frank had an interest in various business enterprises conducted by his father-in-law, Thompson. Norma sued Frank for a divorce. At defendant's request plaintiff was substituted as attorney for

Norma in the divorce action. Defendant was desirous of eliminating Frank from his (defendant's) enterprises. In an effort to accomplish that purpose defendant and various of his enterprises were made parties defendant in the divorce action. After his substitution as attorney for Norma in the divorce action, plaintiff performed numerous services therein. Frank McCauley was eliminated from defendant's enterprises. A reasonable inference from the evidence is that a great part of the services were rendered at the request of and for the benefit of defendant.

██ " '[W]hen services are rendered by one person, from which another derives a benefit, although there is no express contract or agreement to pay for the services, there is a "presumption of law" which arises from the proof of services rendered, that the person enjoying the benefit of the same is bound to pay what they are reasonably worth.' " (*Mendoza v. Gomes*, 143 Cal.App.2d 172, 174 [299 P.2d 707].)

██ The record is voluminous.[1] A detailed statement of the evidence would serve no useful purpose. (See *Stamler* v. *Kissinger*, 115 Cal.App.2d 171, 174 [251 P.2d 709].) We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain the findings of fact on which the judgment in favor of plaintiff was reasonably predicated.

The court awarded plaintiff interest on $8,300 from February 1, 1955, to rendition of the judgment. February 1, 1955, is the date plaintiff's services were terminated. Defendant asserts plaintiff is not entitled to interest. We agree. ██ As a general rule interest in the form of damages is not allowed prior to rendition of judgment on an unliquidated claim or on the amount of a demand which cannot be ascertained either from the face of the agreement or by reference to well established market value.[2] ██ The rule applies to a claim based on an implied contract where the amount cannot be determined except by evidence of the reasonable value of

---

[1]There are 635 pages in the reporter's transcript and 94 exhibits.

[2]Civil Code, section 3287: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including any political subdivision of the State."

the services rendered. (*Lineman* v. *Schmid,* 32 Cal.2d 204, 208-212 [195 P.2d 408, 4 A.L.R.2d 1380]; *Swinnerton* v. *Argonaut Land & Dev. Co.,* 112 Cal. 375, 379 [44 P. 719]; 14 Cal.Jur.2d 703, § 78.) ▉ Plaintiff's recovery is on an unliquidated claim. Plaintiff alleged the reasonable value of the services rendered was $10,400 and that $1,600 had been paid. The court found that defendant promised to pay plaintiff what the services were reasonably worth and that they were reasonably worth $9,900, of which $1,600 had been paid. And plaintiff testified that the reasonable value of the work performed by him was "a minimum of $10,500.00." The amount due under the agreement was neither certain, nor capable of being made certain by calculation.

The judgment is modified by striking therefrom the phrase "together with interest thereon at 7% per annum from February 1, 1955." As thus modified, the judgment is affirmed. Plaintiff shall recover his costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.