[Civ. No. 23605. Second Dist., Div. Two. July 13, 1959.]

ISOBEL M. DUBE, Respondent, v. KELLEY KAR COMPANY (a Corporation), Appellant.

R. F. Neuman and Allan M. Carson for Appellant.

Sanford Simon for Respondent.

ASHBURN, J.—Plaintiff bought a Ford automobile from defendant company, trading in her 1955 Dodge Station Wagon and depositing $100 as part of the purchase price, the balance being payable in installments. She gave notice of rescission on the ground of fraud and brought an action to cancel all papers and restore to her the consideration which she had paid together with other appropriate relief. The trial court decreed cancellation of all instruments, awarded her the sum of $2,113.20 and further adjudged that defendant was entitled to possession of the Ford upon payment to plaintiff of said sum of $2,113.20, which payment was declared to be necessary to restore the parties to status quo.

It is unnecessary to detail the facts except to say that several of the fraud charges, not all of them, were sustained and that plaintiff bought the Ford upon a conditional sale contract, a form which she executed in blank, and that she never received a copy of the same. This was clearly violative of subdivision (a), section 2982, Civil Code.[1]

The above mentioned sum of $2,113.20 was reached in the following manner. Plaintiff was held entitled to recover the net amount received by defendant upon its sale of the Dodge,

---

[1]At the time of the transaction in question said subdivision contained the following:

"(a) Every conditional sale contract for the sale of a motor vehicle, with or without accessories, shall be in writing and shall contain all of the agreements between the buyer and the seller relating to the personal property described therein. It shall be signed by the buyer or his authorized representative and by the seller or its authorized representative, and when so executed an exact copy thereof shall be delivered by the seller to the buyer at the time of its execution. . . ."

$773.32, plus cash of $100 paid as a deposit upon the Ford, plus the rental value of said Dodge car in the sum of $1,960 representing 49 weeks of use at $40 a week. Defendant was awarded an offset of $720 consisting of $360 depreciation in the value of the Ford and $360 rental value of its use for nine weeks. The result is $2,113.20 (should be $2,113.32).

The complaint sounds primarily in fraud but it also alleges: "That the documents referred to as Exhibits 'C' and 'D' [Leasing Agreement and Amendment to Leasing Agreement] were delivered to plaintiff as blank forms and her signature was obtained thereon while said forms were blank. That subsequently defendants, and each of them, filled in said documents to indicate that plaintiff had actually executed a Leasing Agreement for the rental of said 1957 Ford vehicle. That defendants, and each of them, represented to plaintiff that she was merely signing a Conditional Sales Contract when in truth and fact she was signing Leasing Agreements and a Chattel Mortgage on her furniture and other personal property." Also: "That all of the documents referred to hereinbefore, with the exception of said Purchase Order, were presented to plaintiff by the defendants, and each of them, in blank and were completed in their present form without knowledge or consent on the part of plaintiff and without plaintiff being informed of the true content and legal purport thereof." These allegations related to an automobile leasing agreement, amendment to leasing agreement, chattel mortgage and conditional sale contract. All of the other documents preceded the conditional sale contract and were superseded by it. The court's findings pertain principally to the allegations of fraud which are held to be true; they also contain the following: "That it is true that defendant, Kelley Kar Company, a corporation, by and through its employee, Wilbur S. Nielsen, falsely and fraudulently represented to plaintiff before she signed the Conditional Sales Contract that she would be given a copy thereof. That it is true that after plaintiff already signed the said Conditional Sales Contract (Plaintiff's Exhibit '5') that defendant, Kelley Kar Company, a corporation, refused and failed to give plaintiff a copy of said Conditional Sales Contract. . . . That it is true that the failure and refusal of defendant, Kelley Kar Company, a corporation, to give plaintiff a copy of the Conditional Sales Contract executed on January 8th or 9th, 1957, but altered and changed to show date of January 5, 1957, and a copy of the Chattel Mortgage, were in violation of the terms of Section 2982 of the

Civil Code of the State of California requiring that vendee or mortgagee be given a copy of the same at the time of the execution thereof.''

Appellant argues that the quoted findings are outside the issues and that the case was tried upon the sole theory of fraud and deceit. We are unable to agree with this appraisal of the record. Plaintiff's complaint and her proof reflect a dual theory of deceit and violation of § 2982. The evidence is sufficient to support both charges, although part of the fraud allegations are not sustained. The judgment must be reversed, however, because certain factors entering into the final figure of $2,113.20 are not supported by substantial evidence.

The sum of $1,960 was fixed by the court as reasonable rental value of plaintiff's Dodge, and $773.32 as the net amount received by defendant upon resale of that vehicle. It was also found that the market value of the Dodge at the time of delivery to defendant was $1,895; it is agreed that it was encumbered to the extent of $1,121.68; the difference is $773.32 which the court found to be the net amount received by defendant upon resale of the car. Actually there is no proof of any amount for which the car was sold. To the items of $1,960 and $773.32 was added the $100 deposit paid by plaintiff on the Ford. The sum of these items was credited to plaintiff as $2,833.20 (should be $2,833.32). Defendant was awarded an offset of $720 consisting of $360 rental value of the Ford and depreciation in value of same of $360.

Appellant argues that there is no evidence of the rental value of the plaintiff's Dodge. The record sustains this contention. Defendant's witness, Kelly L. Ross, appraiser for defendant, testified that the rental value of the Ford was $40 a week plus 6 cents a mile, but that he did not know the rental value of the Dodge. ''Q Are you qualified to state what, in your opinion, would be the reasonable rental value for a 1955 Dodge Suburban Station Wagon? A I wouldn't even attempt to answer that.'' He further said that his concern did not lease cars as old as a 1955 Dodge but that *if* it leased anything other than a new car it would charge the same rental. That is all there is on the subject. It does not constitute substantial evidence of the reasonable rental value of the Dodge; in no wise does it reflect any existing and general practice or custom; it does not purport to say what other persons would charge and, so far as defendant itself is concerned, rests upon a wholly hypothetical basis. Hence the allowance of $1,960 to

plaintiff for loss of rental value of her car is unsupported. ▮ Proof of rental value is essential to recovery of loss of use of an automobile. (*Tremeroli* v. *Austin Trailer Equip. Co.*, 102 Cal.App.2d 464, 482-483 [227 P.2d 923]; *Hesse* v. *Commercial Credit Co.*, 97 Cal.App. 600, 602 [275 P. 970].)

▮ Moreover, there appears to be no basis for allowing the buyer both the value of her car at the time of delivery to the seller and the value of its use between that time and the date of rescission. This is pointed out in *Williams* v. *Caruso Enterprises, Inc.*, 140 Cal.App.2d Supp. 973, 981 [295 P.2d 592]: "In the light of the rule which we have announced as to the nature and extent of the seller's right of offset, it necessarily follows that there is no basis for the application of the rule approved in *Adams* v. *Caruso Enterprises, Inc., supra* (1955), 134 Cal.App.2d 403, 406 [285 P.2d 1022], to the effect that where the seller is allowed an offset in the amount of the reasonable rental value of the car sold while in the possession of the buyer, the latter is entitled to the reasonable rental value of the car traded in by him on account of the purchase price. Moreover, it seems wholly illogical to award the buyer the full value of the trade-in, treating it as cash paid to the seller, and at the same time award the buyer an additional sum for the value of the use thereof as a car." *National Funding Corp.* v. *Stump*, 57 Cal.App.2d 29, 36 [133 P.2d 855]: "Moreover, in the other portions of the judgment the sum of $200 was allowed for depreciation on the car from the time the appellant took possession until the date of the trial. The respondents are not entitled to have both an allowance for depreciation and an allowance for the value of the use of the car. (*Morneault* v. *National Surety Co., supra* [37 Cal.App. 285 (174 P. 81)].)" See also *Morneault* v. *National Surety Co.*, 37 Cal.App. 285 [174 P. 81].

Actually there is no proof of use of the Dodge by defendant; it is claimed by appellant that a sale of same was made and respondent's brief admits that to be a fact. If no use of the car was made no rental value should have been allowed. (See *Morneault* v. *National Surety Co., supra*, at p. 287; *National Funding Corp.* v. *Stump, supra*, at p. 35.)

▮ The allowance to defendant of an offset of $360 for rental value and $360 for depreciation in the value of the Ford is a duplication and erroneous. (*Williams* v. *Caruso Enterprises, Inc., supra*, 140 Cal.App.2d Supp. 973, at 981.) But plaintiff has taken no appeal and does not complain of the error; defendant-appellant is in no position to do so for the

error is in its favor. (3 Cal.Jur.2d, § 111, p. 568.) In this posture of affairs it becomes unnecessary for us to attempt to determine the proper method of computing the vendor's setoff in this type of case, a question which was left open by the recent decision of the Supreme Court in *City Lincoln-Mercury Co.* v. *Lindsey*, 52 Cal.2d 267 [339 P.2d 851]. While the Williams and City Lincoln cases and similar decisions discussed in the briefs deal with the adjustment of the equities of the parties consequent upon the violation of section 2982, Civil Code, we apprehend the same rules to be applicable to the situation arising from the rescission of a purchase of an automobile upon the ground of fraud. This truth is illustrated by the quotations from the Williams and National Funding cases, *supra*. Williams dealt with a violation of section 2982; National Funding with the rights of the buyer arising out of a claim and delivery action and no question involving section 2982 was presented.

Numerous other points are debated by counsel but we have concluded that they require no discussion on our part.

The judgment is reversed.

Fox, P. J., and Herndon, J., concurred.