Isidor Wasservogel,
Spec. Bef. This is an action in conversion whereby plaintiff seeks to recover from defendants the cost or value of a 1956 Plymouth automobile upon which defendants allegedly illegally foreclosed a garageman’s lien.
In or about January, 1956 one C. D. Batcheller and his wife purchased a 1956 Plymouth station wagon under a conditional sales contract which was ultimately assigned to plaintiff. Thereafter, in February, 1957 or 1958, Batcheller was involved in an automobile accident. The credible testimony establishes that *1097 he then brought the car to the defendant Mittleman for repairs. Mittleman, however, was not authorized to make the repairs until and unless an agreed price therefor was arranged by bim with the collision insurance company adjuster. The record shows that after the repairs were made and Batcheller failed to pay for them, Mittleman retained defendant Karlan to foreclose his alleged garageman’s lien on the car. The foreclosure sale took place on June 16, 1958, at which time Karlan sold the car to Mittleman for the sum of $350.
In the opinion of the court, the purported lien foreclosure and sale were improper and illegal. The sole authority for the creation of a garageman’s lien such as is here involved stems from the provisions of section 184 of the Lien Law, which create a garageman’s lien if repairs are made “ at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession, or otherwise ”. The proof adduced upon the trial clearly establishes that, as a condition precedent, Mittleman was clearly instructed not to make the repairs on the automobile unless a price was agreed upon between himself and the collision insurance company adjuster (supra). No such agreement was ever reached between them inasmuch as the sole insurance carrier covering the car involved in the accident was never notified of the occurrence of an accident in either February, 1957 or 1958 and, therefore, never sent any of its representatives to adjust the claim with Mittleman. Thus, it necessarily follows that without compliance with this specific condition precedent, Mittleman had no authority to proceed with the repairs and thereby create a valid garageman’s lien. It necessarily follows that the subsequent sale and disposition of the car by defendants constitute a conversion for which they are liable in damages (Pierpoint v. Hoyt, 260 N. Y. 26, 29-30). Inasmuch as Mittleman testified that he made no charge for towing, and since there was no agreement or contract between him and Batcheller for the storage of the automobile, defendants may not now seek to charge for same (Gotham Credit Corp. v. A. & H. Service Station, 120 N. Y. S. 2d 749, 750).
Assuming, arguendo, that defendant had a valid garageman’s lien, plaintiff’s lien, nevertheless, is a prior one. In the opinion of the court, the credible proof indicates that Mittleman obtained possession of the car after an accident in February, 1958 and not in February, 1957. The conditional sales contract was in default in November, 1957, at which time plaintiff then became the only one entitled to title and possession of the car. All that Batcheller had after November, 1957, at plaintiff’s sole dis *1098 cretion, was the mere naked possession of the vehicle without any legal ownership.
Undoubtedly, a garageman should be able to feel “safe” to perform his work and services when he is shown a registration certificate and, of course, the statute protects him when the work is ordered by the conditional vendee or mortgagor in possession (Lien Law, § 184, supra). In the instant action, however, the work was not ordered unless certain conditions were first complied with by the garageman. These conditions, as above noted, Mittleman failed to meet. In any event, where there is a default in the mortgage by which the conveyance to the mortgagee becomes absolute or where, as here, the title of the conditional sales vendor similarly becomes absolute, mere possession, without legal ownership, where the legal ownership has vested in the mortgagee or the conditional vendor, does not authorize the creation of a superior lien by a garageman under the applicable provisions of the Lien Law (Manufacturers Trust Co. v. Stehle, 1 A D 2d 471, 473, 475).
In view of the foregoing, it is unnecessary to discuss at any great length the fact that the actual foreclosure sale was improper and not in accordance with statutory provisions. ■Suffice it to note that neither the required personal service of the notice of lien foreclosure on Batcheller nor the public posting of foreclosure notices as provided in section 202 of the Lien Law was properly complied with by defendants (see Finkelstein v. Hel-Man Garage, 61 N. Y. S. 2d 625; Keleher v. Barnes, Inc., 236 App. Div. 760).
The measure of damages in conversion is the fair and reasonable market value at the time of conversion. In the opinion of the Court, plaintiff’s valuation of the car as of June 16, 1958 ($1,500) is too high and defendants’ valuation thereof ($600)' is far too deflated. Giving due consideration to all of the evidence before me, I find the fair and reasonable market value of the vehicle as of June 16,1958 to be $950.
Judgment is rendered for plaintiff against defendants for $950, together with interest thereon from June 16, 1958.
Defendants may have a 30-day stay of execution.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.