[Civ. No. 20069.   First Dist., Div. Two.   Jan. 16, 1963.]

MARGUERITE ANN CARTER, a Minor, etc., et al., Plaintiffs and Appellants, v. HERBERT PERSHING SAXTON, Defendant and Appellant.

Jerome A. Duffy and Jasper C. De Dobbeleer for Plaintiffs and Appellants.

Hadsell, Murman & Bishop for Defendant and Appellant.

AGEE, J.—Plaintiff minor, a girl of 7 years, was struck by a pickup truck driven by defendant while she was riding a bicycle across a street in the residential district in which she lived.

She appeals from that portion of the judgment herein which awards her $5,500 as general damages, on the ground that the amount thereof is inadequate as a matter of law.

The action was tried without a jury and the trial court made detailed findings as to the injuries sustained by plaintiff. Her motion for a new trial, which was made upon the sole issue of damages, was denied.

The minor's father, a coplaintiff herein, was awarded $1,000 for medical and hospital expenses incurred in the treatment

of his daughter's injuries. Any further reference herein to plaintiff is intended to mean the minor only.

■ Defendant appeals from the entire judgment, the only issue raised being whether, viewed in the light most favorable to plaintiff, there was substantial evidence to support the trial court's findings as to the negligence of the defendant and the absence of contributory negligence of the plaintiff.

The accident happened on September 15, 1959, about 5 p. m. Dubois Street runs north and south, and defendant was proceeding north. Plaintiff was crossing the street from east to west. The weather was clear and visibility was good. Plaintiff had wheeled her bicycle to the sidewalk edge, looked up and down the street, saw no moving traffic, got on her bicycle and started to cross. She had gotten more than half way across the street when the rear wheel of her bicycle was struck by the left front fender of the truck. Part of the truck was on the left half of the street. It was going approximately 25 miles per hour. Defendant did not become aware of the presence of the plaintiff or her bicycle until he heard the thud of the impact. The truck did not slow down at any time. Defendant was familiar with the general character of the neighborhood and knew that many children lived there. Defendant called a police officer as his witness. This officer testified on cross-examination as follows: ''I believe he mentioned something about looking for a street number, yes.'' In our opinion, there was substantial evidence to support the trial court's findings as to liability.

We turn now to the damage issue. The injuries sustained by plaintiff are fully and fairly set forth in the findings. The question for us to determine is whether the trial court abused its discretion by awarding only $5,500 for such injuries. In other words, is such an award inadequate *as a matter of law?*

■ The findings of the trial court are as follows: ''(1) A brain concussion; (2) A basilar fracture of the skull with bleeding from the ear canal of the left ear with an escape of cerebral spinal fluid mixed with blood passing through the basilar skull fracture allowing the cerebral spinal fluid to escape into the ear canal; (3) A fracture of the left fibula and a fracture of the left tibia, with resulting atrophy of the left calf and left thigh of one inch difference in circumference as compared with the right calf and right thigh, and with the further result that the said minor's left leg is three-eights [*sic*] of an inch longer than the said minor's right leg; and that there is an angulation of the left knee of two

degrees greater than the right knee. That the reasonable probabilities are that said atrophy will be corrected with not more than three months of physiotherapy treatments, and that with growth, by age 16, the angulation and the difference in the length of the legs will be compensated for and be pretty well normal and not discernable [sic] without careful measurement; that X-ray examination should be made once a year for three or four years; (4) That the said minor plaintiff experienced pain and suffering to her person, shock to her nervous system, headaches, and pains in her head, as well as extreme dizziness and nausea; that during the first few days after the accident said minor plaintiff experienced pain and suffering which was intense and severe; (5) That the headaches, nausea and dizziness suffered by said minor were of such a nature as to cause the said minor to fall out of bed; (6) A permanent loss of hearing in the said minor's left ear; that the percentage of loss of hearing in said left ear is a sixty percent total loss of hearing in said ear; that the loss of hearing binaurally [combined] is ten percent; that the said loss of hearing in the left ear is permanent and that no future medical treatment will reduce said hearing loss or restore normal hearing to the said left ear; (7) That said minor child suffered and sustained multiple contusions and abrasions upon her body, and in particular to the area of her back.''

The action was tried on October 20, 1960, over one year after the accident occurred. The trial judge was able to observe the plaintiff on the witness stand, could see personally the visible effects of the accident and make a calculated judgment as to the future effect of the injuries on her life. He could observe her reaction to words spoken to her. He was free to accept the testimony of Dr. Fletcher that the loss of hearing was only 10 per cent when considered from a binaural aspect, and that it would not prevent her from leading a normal life.

The plaintiff testified as follows about her leg: ''Q. Now Peggy, with reference to your left leg can you use it all right now? A. Yes. Q. Do you have any pain in it now? A. No. Q. You get around on it all right now? A. Yes. Q. It doesn't hurt you now? A. No. Q. After the accident for some time did it hurt you? A. No, except one day. Q. And then a cast was put on, is that it? A. Yes.''

The skull fracture was not discernible in the X-rays but

the clinical findings indicated one and the court so found. The only reference to brain concussion is contained in the records of San Rafael General Hospital, where plaintiff was first taken. This notation is as follows: " 'Basilar fracture skull (probable) with hemorrhage from left ear with concussion of brain.' " There is no evidence as to the severity of the concussion. By inference it can be concluded that the symptoms attributable to a concussion lasted for only a few days. Dr. Merryman testified as follows: "I think her headache and pain in her head and extreme dizziness and nausea almost covered a lot of the suggestion of pain in the leg for the first few days."

The rule applicable to the instant issue is well settled. ■ In *Kraut* v. *Cornell* (1959) 175 Cal.App.2d 528, 531 [346 P.2d 438], it is stated: "Plaintiff's position is that 'the damages awarded are inadequate as a matter of law.' The guiding principle in the instant matter is aptly stated in *Gersick* v. *Shilling* (1950) 97 Cal.App.2d 641 [218 P.2d 583]. On page 645, the court said: 'The question as to the amount of damages is a question of fact. In the first instance, it is for the jury to fix the amount of damages, and secondly, for the trial judge, on a motion for a new trial, to pass on the question of adequacy. ■ Whether the contention is that the damages fixed by the jury are too high or too low, the determination of that question rests largely in the discretion of the trial judge. The appellate court has not seen or heard the witnesses, and has no power to pass upon their credibility.' " (See also *Seffert* v. *Los Angeles Transit Lines* (1961) 56 Cal. 2d 498, 506-507 [15 Cal.Rptr. 161, 364 P.2d 337]; *Wood* v. *Alves Service Transportation, Inc.* (1961) 191 Cal.App.2d 723, 733 [13 Cal.Rptr. 114]; *Blye* v. *Affonso* (1960) 185 Cal.App.2d 241, 243 [8 Cal.Rptr. 155]; *Nafus* v. *Freight Construction etc. Union* (1960) 182 Cal.App.2d 120, 123-124 [5 Cal.Rptr. 924]. ■ And it is pointed out in *Frampton* v. *Stoloff* (1956) 142 Cal.App.2d 175, 176 [298 P.2d 10], that: "[a]n appellate court is authorized to disturb a judgment on the ground of inadequacy of damages only where the amount of the award is supported by no substantial evidence in the record and the verdict is a clear abuse of the jury's discretion." (See also *da Silva* v. *J. M. Martinac etc. Corp.* (1957) 153 Cal.App.2d 397, 399-400 [314 P.2d 598]; 15 Cal. Jur.2d 46, Damages, § 233.)

*Roedder* v. *Rowley* (1946) 28 Cal.2d 820 [172 P.2d 353], is cited with approval by both parties. We agree that the

language therein is appropriate to the issue under consideration. ▮ At page 823, the Supreme Court stated: "[T]he determination of the amount of damages . . . will not be disturbed by an appellate court unless it is so grossly disproportionate to any reasonable limit of compensation as shown by the evidence that it shocks one's sense of justice and raises a presumption that it is based on passion and prejudice rather than sober judgment."

There is not even a suggestion that the trial judge in this action was in any way prejudiced nor is there any claim that any error occurred during the trial. The record indicates that, on the motion for a new trial, the trial judge had before him a transcript of all of the medical testimony adduced at the trial and also all of the hospital records. The motion for a new trial gave the trial judge a second opportunity to evaluate the amount of damages which should be awarded. The motion was denied.

▮ In our opinion, the trial judge did not abuse his discretion and the award of general damages is not inadequate as a matter of law.

Judgment affirmed. Parties to bear own costs on appeal.

Kaufman, P. J., and Shoemaker, J., concurred.