[Civ. No. 8406. Fourth Dist., Div. One. Feb. 27, 1967.]

DEWEY OWENS et al., Plaintiffs and Respondents, v. LLOYD B. PYEATT et al., Defendants, Cross-complainants and Appellants; ALLSTATE INSURANCE COMPANY, Defendant, Cross-defendant and Respondent.

Carroll & Anderson and John P. Carroll for Defendants, Cross-complainants and Appellants.

No appearance for Plaintiffs and Respondents.

Lewis A. Plourd and Lonnie B. Springer, Jr., for Defendant, Cross-defendant and Respondent.

COUGHLIN, J.—Plaintiffs Owens brought this action to recover the reasonable value of automobile repairs, storage charges and interest; alleged the reasonable value of the repairs was $1,843.25; and also alleged the repairs and storage

were requested by the defendants Pyeatt, owners of the automobile that had been damaged by upset, and by the defendant Allstate Insurance Company, the insurer under an automotive policy insuring Pyeatts against such loss. Defendants Pyeatt denied the automobile was repaired or stored at their request, and cross-complained against Allstate Insurance Company for the value of the automobile at the time of upset. Defendant Allstate admitted liability for the repair to the extent of $1,743.25, being the cost thereof less $100 deductible under the policy; denied liability for the storage charges and interest; alleged its liability under the policy was limited to the cost of repair; and denied liability for the value of the automobile.

The upset-accident occurred May 7, 1963. Thereafter the automobile was repaired by plaintiffs. In July it was inspected and test-driven by Pyeatts who refused to accept it on the ground the repairs were incomplete. Subsequently additional work was performed. In October the repairs were completed but plaintiffs, acting on instructions from Allstate, refused to permit Pyeatts to take possession unless the latter would sign a release of their claim under the insurance policy. In the meantime the insurance company had delivered to plaintiffs the release in question, together with a draft in the sum of $1,533.64 payable to Pyeatts and plaintiffs, with instructions not to deliver the automobile or the draft until the release was signed. Pyeatts desired to test drive the automobile before accepting it but permission to do so was refused. Thereafter another release was prepared which reserved to Pyeatts the right to make a claim for defects that might be discovered within 30 days. Pyeatts refused to execute this release. Plaintiffs retained possession of the automobile.

The pretrial order enlarged Pyeatt's claim against Allstate to include damages for loss of use of the automobile.

The case was tried by a jury which rendered verdicts in favor of plaintiffs and against Allstate for $1,743.25; in favor of plaintiffs and against Pyeatts for $982; and in favor of Pyeatts and against Allstate for $1,250. Separate judgments were entered upon each verdict. Pyeatts appealed from the judgments.

No contention is made with respect to the judgment in favor of plaintiffs against Allstate and it should be affirmed.

Pyeatts contend the judgment against them in favor of Owens and in their favor against Allstate should be reversed

844

because of the insufficiency of the evidence to support the verdicts.

 To determine whether a general verdict is supported by the evidence it is necessary to ascertain the issues embraced within the verdict and measure the sufficiency of the evidence as related to those issues. For this purpose reference may be had to the pleadings, the pretrial order and the charge to the jury. (*Snodgrass* v. *Hand,* 220 Cal. 446, 448 [31 P.2d 198].) A general verdict implies a finding of every fact essential to its validity which is supported by the evidence. (Gen. see *Estate of Rule,* 25 Cal.2d 1, 10 [152 P.2d 1003, 155 A.L.R. 1319]; *Consolidated Steel Corp.* v. *Industrial Acc. Com.,* 6 Cal.2d 368, 369 [57 P.2d 919]; *Fries* v. *Anderson, Clayton & Co.,* 190 Cal.App.2d 667, 681 [12 Cal.Rptr. 336]; *Lewetzow* v. *Sapiro,* 188 Cal.App.2d 841, 845 [11 Cal.Rptr. 126].) Where several issues responsive to different theories of law are presented to the jury and the evidence is sufficient to support facts sustaining the verdict under one of those theories, it will be upheld even though the evidence is insufficient to support facts sustaining it under any other theory. (Gen. see *Tucker* v. *Landucci,* 57 Cal.2d 762, 766 [22 Cal.Rptr. 10, 371 P.2d 754]; *Gillespie* v. *Rawlings,* 49 Cal.2d 359, 368-369 [317 P.2d 601]; *Posz* v. *Burchell,* 209 Cal.App.2d 324, 335 [25 Cal.Rptr. 896].) On the other hand, if the evidence does not support facts authorizing recovery on any theory, the verdict must be rejected. Where a verdict awarding a lump sum is dependent upon a factual determination in favor of the prevailing party on more than one issue and the evidence is not sufficient to support such a determination as to one of the issues, it must be rejected *in toto* unless the amounts included within the lump sum are clearly separable.

 In the case at bench, the verdict in favor of plaintiffs and against Pyeatts in the sum of $982 involved three issues, viz., whether Pyeatts were liable for (1) repair of the subject automobile, (2) storage thereof, and (3) interest. The evidence supports the conclusion Allstate and Pyeatts were jointly and severally liable for the repairs. However, the forms of verdict submitted to the jury did not provide for a finding of joint and several liability. A form of verdict in favor of plaintiffs and against both defendants was not supplied. Instead, on this issue the jury received two separate forms of verdict, one against Pyeatts, and the other against Allstate. The evidence also supports the conclusion the rea-

sonable value of the repairs was $1,843.25. It would appear the jury may have concluded Allstate and Pyeatts were jointly and severally liable for the repairs; Allstate should pay $1,743.25, which was the amount of the total bill less the $100 policy deduction; and Pyeatts should pay the remaining $100. On this basis the award against Allstate did not include storage or interest charges. On the other hand, the award against Pyeatt may have included the remaining $100 payment due on the repairs, and an additional amount for either storage or interest charges, or both.

█ Assuming the verdict against Pyeatts in the sum of $982 included a storage charge, the verdict is contrary to the evidence and against the law. There is no evidence that Pyeatts expressly or impliedly requested storage of the automobile. Until October 1963 the automobile was being repaired. No charge for storage is implied during the period of time it was undergoing repairs. After the repairs had been completed Pyeatts unsuccessfully attempted to obtain possession of the automobile. Plaintiffs refused to permit them to have possession unless they would execute the release prepared by Allstate. Pyeatts should not have been required to execute this release as a condition to obtaining possession of their automobile. As hereinafter noted, contrary to the contention of Allstate, the policy did not authorize it to impose such a requirement. It also appears plaintiffs retained possession of the automobile to protect their garagekeeper's lien. (Gen. see Civ. Code, § 3051.) The court instructed the jury about their rights in this regard. A garageman who retains possession of an automobile repaired by him in the exercise of his right to claim a lien thereon is not entitled to the reasonable value of the storage thereof during the time he keeps it in his possession. (Civ. Code, § 2892; see also *Moss* v. *Odell*, 141 Cal. 335, 337 [74 P. 999].) Plaintiffs' claim against Pyeatts for storage is not supported by the evidence.

█ If it be assumed the verdict included a charge for interest, it is against law and not supported by the evidence. Interest is not allowable upon a claim for the reasonable value of automobile repairs, when the amount thereof is not determinable by reference to well-established market values, until this amount has been determined by agreement, verdict or judgment. (*Lineman* v. *Schmid*, 32 Cal.2d 204, 208-211 [195 P.2d 408, 4 A.L.R.2d 1380]; *Perry* v. *Magneson*, 207 Cal. 617, 622-623 [279 P. 650]; *Parker* v. *Maier Brewing Co.*, 180 Cal.App.2d 630, 634 [4 Cal.Rptr. 825]; *Garrie* v. *McCauley*,

163 Cal.App.2d 273, 276-277 [328 P.2d 1013]; *Johnson* v. *Marr*, 8 Cal.App.2d 312, 315 [47 P.2d 489].) The repairs in question are within this category. The quality, extent and value thereof were disputed.

 Although it may be assumed the verdict in favor of plaintiffs included payment of $100 on the repairs, being the $100 deductible item provided by the insurance policy, there is no way of determining whether this is a fact because the total amount of the verdict, i.e., $982, could have been the product of an erroneous award for storage and interest. Under these circumstances the verdict must be rejected *in toto.*

 The attack upon the verdict in favor of Pyeatts against Allstate is directed to the alleged inadequacy of the award under the contention the verdict in this regard is not supported by the evidence. Pyeatts premised their claim for damages against Allstate upon an alleged breach of the insurance contract, contending the automobile was a total loss entitling them to the actual value thereof at the time of accident which Allstate refused to pay; even though the automobile was repairable, Allstate breached its contract in failing to pay the amount of its repair within a reasonable time; and in either event, they were entitled to the value of the automobile at the time of accident with interest, and damages for its loss of use. These contentions and corresponding issues were developed through the cross-complaint, pretrial order and instructions by the court to the jury.

Pertinent parts of the subject policy provide that Allstate should pay to Pyeatts "for loss to the owned automobile caused . . . by its upset," less $100; "the limit of liability is the actual cash value of the automobile . . . at the time of loss, but not to exceed what it would then cost to repair or replace the automobile . . . with other of like kind and quality, less depreciation"; the "insured shall file with Allstate his sworn proof of loss in such form and including such information as reasonably may be required"; and "Allstate may pay for the loss in money, or may repair or replace the automobile. . . ."

The verdict in favor of Pyeatts is premised upon a finding Allstate breached the insurance contract. The evidence supports this finding upon alternative theories: Either the automobile was nonrepairable and Allstate failed to pay the value thereof at the time of accident; or the automobile was repair-

able and Allstate failed to repair or to pay the cost of repairs within a reasonable time.

The court instructed the jury, in effect, if the automobile was not repairable "one of the elements of damage which may be awarded the Pyeatts is the value of the 1963 Pontiac automobile immediately before the accident less the amount of $100.00, being the deductible portion of the contract, and another element of damage which may be awarded the Pyeatts is the reasonable value of the loss of use of said automobile from the date of the upset to the date of your judgment." The award of $1,250 as the value of the automobile at the time of accident is contrary to the evidence. The automobile had been purchased approximately four months before this time for $3,651.77; had not been involved in any other accident; and, according to conflicting opinions, was estimated to be worth between $2,900 and $3,200 at the time of the accident. Any inference that it had reduced in value to $1,350, viz., the amount of the award plus the $100 deductible item, during the four months in question is unreasonable. The evidence is insufficient to sustain a verdict where, under any reasonable construction thereof, the amount of the award is inadequate. (Gen. see *Carter* v. *Saxton,* 211 Cal.App.2d 836, 840 [27 Cal.Rptr. 671]; *da Silva* v. *J. M. Martinac etc. Corp.,* 153 Cal.App.2d 397, 400 [314 P.2d 598]; *Gersick* v. *Shilling,* 97 Cal.App.2d 641, 645 [218 P.2d 583].) ▌ A verdict in favor of Pyeatts premised on a finding the car was unrepairable and Allstate was liable for its value at the time of the accident, would not entitle Pyeatts to damages for loss of use. (*Dube* v. *Kelley Kar Co.,* 171 Cal.App.2d 862, 866 [341 P.2d 774]; *Brian* v. *Ivey,* 150 Cal.App.2d 691, 694 [310 P.2d 492]), nor, under the general rule heretofore noted, would it entitle Pyeatts to interest on the amount awarded as the value of the automobile.

▌ The court also instructed the jury if it found the automobile was repairable, but also found Allstate "demanded that a release be signed by the Pyeatts before the car would be released to them and before payment would be made for such repairs and that such demand was an unreasonable condition to such release and payment, you may award damages for the value of the 1963 Pontiac automobile immediately before the accident less the sum of $100.00 and damage for the loss of use of said automobile from the date of the upset to the date of your judgment." That part of the instruction authorizing inclusion in an award for the breach

therein defined of the value of the automobile at the time of the accident was error. Under the contract of insurance and the circumstances in this case, if the automobile was repairable Allstate's liability to Pyeatts was limited to the cost of repairs and it was authorized either to pay that amount to them or to have the automobile repaired. However, a finding the insurance contract was breached by failure to pay for or make repairs within a reasonable time would support an award of damages for loss of use of the automobile. Where, under a policy of insurance similar to that in the case at bench, the insurer elects to repair the damaged automobile of the insured the latter may recover damages for any loss of use of the automobile proximately caused by the failure to repair it within a reasonable time. This conclusion is supported by the rationale of the decisions awarding damages for loss of use of an automobile as an incident to recovery in conversion, claim and delivery and negligence cases. (Cf. *Guerin* v. *Kirst,* 33 Cal.2d 402, 414 [202 P.2d 10, 7 A.L.R.2d 922]; *Drinkhouse* v. *Van Ness,* 202 Cal. 359, 379 [260 P. 869]; *Chucovich* v. *San Francisco Securities Corp.,* 60 Cal.App. 700, 704 [214 P. 263]; *Valencia* v. *Shell Oil Co.,* 23 Cal.2d 840, 844 [147 P.2d 558]; *Malinson* v. *Black,* 83 Cal.App.2d 375, 381 [188 P.2d 788].) The obligation to repair is not fulfilled until the insurer has paid the cost of repair, less any deduction provided by the policy, or has placed the insured in possession of the repaired automobile. ■■■ The damages for loss of use of an automobile are measured by the reasonable rental value thereof for the time of the loss. (*Tremeroli* v. *Austin Trailer Equip. Co.,* 102 Cal.App.2d 464, 482 [227 P.2d 923]; *Chucovich* v. *San Francisco Securities Corp., supra,* 60 Cal.App. 700, 704.) Pyeatts contend an award of $1,250 for loss of use, under the evidence, was inadequate; the minimum rental value of the automobile, premised upon expert testimony, was $125 per month; they were deprived of the use of their automobile for approximately 29 months; and based upon this evidence, they should have been awarded the sum of $3,625. The opinion testimony on the issue of rental value ranged from $125 per month to $250 per month. The credibility of this testimony was subject to doubt, authorizing the jury to reject it. However, if rejected there is no evidence of rental value in the record. The matter is not one in which the trier of fact may rely upon common experience for a decision. "Proof of rental value is essential to recovery of loss of use of an automobile." (*Dube* v. *Kelley Kar Co., supra,* 171 Cal.App.2d 862, 866.)

Using the evidence most favorable to the verdict as a basis for calculation, i.e., the minimum time factor and the minimum rental value factor, would result in an award of $3,000. Although this amount would be subject to some variation because of the depreciation characteristics of an automobile and the duty to avoid " 'unconscionable and grossly oppressive damages' " (*Guerin* v. *Kirst, supra*, 33 Cal.2d 402, 415), these considerations would not support a reduction of the calculated sum of $3,000 to the awarded sum of $1,250. The amount awarded by the verdict in favor of Pyeatts is not supported by the evidence. The judgment thereon was erroneous.

Our conclusions necessitate a reversal. In light of this fact, we deem it advisable to express an opinion respecting the law of the case on some of the issues that may arise in a new trial.

■ Allstate contends it had the right to determine whether a damaged automobile may be repaired and that its determination in the premises was conclusive. Under the policy, Allstate was liable for the value of the automobile at the time of the accident "not to exceed what it would then cost to repair or replace the automobile . . . with other of like kind and quality." The type and extent of repair contemplated by this provision were such as would place the automobile in substantially the same condition it was before the accident. The intent of the parties to this effect was indicated by that part of the provision referring to the cost to "replace the automobile . . . with other of like kind and quality, less depreciation." Allstate was authorized to pay for the loss in money or to repair or replace the automobile. It chose to repair and by judgment was required to pay its share of the cost of the repair. However, the fact Allstate chose to repair rather than pay the cost of repair did not alter the requirement that the repair must place the automobile substantially in the condition it was before the accident. If the damage was such the automobile could not be restored to this condition Allstate was required to pay the actual cash value thereof at the time of loss. Whether the automobile could be restored as required, absent agreement of the parties, was a question for judicial determination.

■ Allstate also contends it had a right to require Pyeatts to execute a release of all claims before delivery of the repaired automobile to them; its instruction to Owens not to release the repaired automobile until execution of such a

release was an exercise of this right; and its action in the premises did not constitute a breach of its agreement to repair the damaged automobile within a reasonable time. This contention is premised upon a provision in the policy that, "The named insured shall file with Allstate his sworn proof of loss in such form and including such information as reasonably may be required. . . ." The proof of loss required by Allstate contained the equivalent of a release in the following language: "The insured hereby acknowledges repair or replacement of the loss and damage to the insured's entire satisfaction and agrees that the payment" of a designated sum, being the cost of repair less the $100 deductible item, to the garageman making the repairs, "shall constitute a full performance of the obligation of the insurer under its said policy." The practice of Allstate in requiring a release in the form aforesaid before delivery to the insured of an automobile repaired by it is not authorized by the proof of loss provision in the policy. Allstate's obligation to repair the automobile, assuming such to be repairable and Allstate's option to repair, included an obligation to effect the repair within a reasonable time, and thereupon to deliver the repaired automobile to the insured upon payment by the latter of the $100 deductible portion of the cost of repair. Whether, in the case at bench, there was a failure to repair and deliver the automobile within a reasonable time was a question of fact. Allstate was not authorized to require execution of an unconditional release as a condition to delivery. On the other hand, Pyeatts were not entitled to delivery if they refused to pay the $100 deductible item. Each party was obliged to act in good faith; to deal fairly with the other; and do everything the contract of insurance presupposed would be done to accomplish its purpose. (*Bewick* v. *Mecham,* 26 Cal.2d 92, 99 [156 P.2d 757, 157 A.L.R. 1277]; *Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 771 [128 P.2d 665].)

The judgment in favor of Owens against Allstate is affirmed; the judgments in favor of Owens against Pyeatts and in favor of Pyeatts against Allstate are reversed. Pyeatts will recover costs on appeal.

Brown (Gerald), P. J., and Whelan, J., concurred.