300 So.2d 284 (1974)
TRAVELERS INDEMNITY COMPANY, a Corporation Doing Business in Florida, Appellant,
v.
Kenneth PARKMAN and Jeanette Parkman, Appellees.
No. 73-157.
District Court of Appeal of Florida, Fourth District.
September 13, 1974.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellant.
Jon E. Krupnick, of Walsh, Dolan & Krupnick, P.A., Fort Lauderdale, for appellees.
DOWNEY, Judge.
This case involves the right of an insured to recover damages under the collision coverage portions of his automobile policy for the insurer's breach of contract. Specifically, the insured (appellees) claimed damages for loss of use of their automobile arising out of an alleged breach *285 of contract by the insurer in not repairing the insureds' automobile within a reasonable time.
Appellant, Travelers Indemnity Company, issued a comprehensive automobile insurance policy to appellees. The policy included collision protection. Appellees notified appellant of an accident damaging the insured automobile. Appellant inquired where appellees usually had the car serviced, and upon being advised of the name of the company, appellant instructed appellees to go ahead and have the vehicle repaired there. When the repairs were completed appellant refused to pay for them, appellant taking the position that the insurance policy was not in effect at the time of the accident. The repair company refused to deliver possession of the automobile until it received payment. Thus, the vehicle remained at the repair shop for approximately 14 months from the date of the accident.
A judicial declaration was ultimately obtained holding that the policy was in effect at the time of the accident. Thereafter, appellant paid appellees on their claims arising under the uninsured motorist, medical payments, and property damage provisions of the policy; but it refused to pay appellees' claim for loss of use during the 14 months the car remained in the possession of the repair company.
The basis of appellant's refusal to pay the loss of use claim and the essence of its point on appeal is that absent a provision in the policy providing coverage for loss of use, such consequential damage is not recoverable in a suit, such as this, for breach of contract.
It is well established that in actions sounding in tort one may recover damages for loss of use of personal property as an element of damages proximately flowing from the wrong. Airtech Service, Inc., v. MacDonald Construction Co., Fla. App. 1963, 150 So.2d 465. Restatement of Torts, § 928 (1939). However, in actions sounding in contract, generally the damages recoverable are limited to those which are the natural and proximate result of the breach, or such as may reasonably be supposed to have been within the contemplation of the parties at the time they made the contract. 9A Fla.Jur., Damages, §§ 27, 32. Thus, where the insurance contract provides that in the event of loss caused by collision the insurer has the option to pay for the loss in money, or repair or replace the damaged property, the insured is not entitled to recover for the loss of use of the vehicle if the insurer pays in money or repairs the damage within a reasonable time. But when the insurer makes its election to repair, that election is binding upon the insured and creates a new contract under which the insurer is bound to restore the vehicle within a reasonable time. 6 Appleman, Insurance Law & Practice, § 4005, p. 721. Thus, in accordance with the new contract:
"where an automobile insurer elects to repair the damaged automobile rather than pay its reasonable value, the insured may be able to recover damages for any loss of use of the automobile proximately caused by a failure to repair it within a reasonable time." 6 Appleman, § 4005, p. 722.
See too Coleman v. American Bankers Insurance Co. of Fla., Fla.App. 1969, 228 So.2d 410; Home Indemnity Company v. Bush, 20 Ariz. App. 355, 513 P.2d 145 (1973); Owens v. Pyeatt, 248 Cal. App.2d 840, 57 Cal. Rptr. 100 (1967); Janosky v. Preferred Insurance Exchange, 52 Wash.2d 801, 329 P.2d 207 (1958). The obligation to repair is not fulfilled until the insurer has paid the cost of repair, less any deduction provided in the policy, or has placed the insured in possession of the repaired automobile. Owens v. Pyeatt, supra; Eisenberg v. Motors Insurance Corp., 62 Misc.2d 1, 307 N.Y.S.2d 922 (1970).
The trial court properly instructed the jury that if they found from the evidence that appellant selected the repair *286 company to do the repair work and directed appellees to take the vehicle to the repair company and as a result appellees were deprived of their vehicle for an unreasonable length of time their verdict should be for appellees. The jury decided those issues in favor of appellees and returned a verdict for $1700.00, giving rise to the judgment appealed from.
Appellant has failed to demonstrate error. Accordingly, the judgment appealed from is affirmed.
WALDEN and CROSS, JJ., concur.