456 So.2d 1235 (1984)
Scott LAWSON and Connie Lawson As Mother of Scott Lawson, a Minor, Appellants,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Insurer, Clarence Neville, Jim Hazelrig, Northcut & Sons Nursery & Landscape Co., and Florida Farm Bureau Casualty Insurance Co., a Florida Insurer, Appellees.
No. 83-855.
District Court of Appeal of Florida, Third District.
September 18, 1984.
As Corrected on Rehearing October 30, 1984.
*1236 Horton, Perse & Ginsberg and Edward Perse, Brumer, Cohen, Logan & Kandell, Miami, for appellants.
Weinstein & Bavly, Richard M. Gale, Miami, for appellees.
Before BARKDULL, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
At issue is whether a vehicle was in "dead storage" at the time it caused injury to a minor plaintiff so that coverage was available under a homeowner's policy of insurance.
The facts show that in July 1979 Jim Hazelrig towed a truck to his truck repair business for the purpose of replacing an engine. He could not find a replacement engine so he removed the one from the truck and sent it to another company to be rebuilt. The truck sat outside his building in that condition for almost seven months. On or about February 6, 1980, the rebuilt engine was returned. Two days later, Hazelrig completed reinstalling the engine and attempted to start the truck. His friend, Clarence Neville, who volunteered to help, poured gasoline into the carburetor from a cup while Hazelrig cranked the engine. A spark ignited the gasoline and Neville threw the cup and gasoline over his shoulder. Neville's minor grandson, Scott Lawson, who was standing nearby, was severely burned. Lawson brought suit against, inter alia, Allstate Insurance Company, Neville's insurer under a homeowner's insurance policy. Allstate's denial of coverage was based on the following exclusionary provision:
We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:
(a) a motorized land vehicle in dead storage or used exclusively on the residence premises... .
At a hearing on a Request for Declaratory Judgment, the trial court concluded that because the truck was not in dead storage at the time of the incident, the exclusion applied, resulting in no coverage.
We agree that generally where a vehicle is left with a garageman for the purpose of making repairs it is not in storage. *1237 See Owens v. Pyeatt, 248 Cal. App.2d 840, 57 Cal. Rptr. 100, 105 (1967) (no charge for storage is implied during the period of time an automobile left with a garageman is undergoing repairs); Topeka Railway Equipment, Inc. v. Foremost Insurance Co., 5 Kan. App. 2d 183, 614 P.2d 461 (1980) (where the primary purpose of a bailment contract was to carry out modification and repair of railroad cars, possession or physical control of that property by insured and its incidental storage or safekeeping while insured was awaiting opportunity to carry out purpose of contract did not amount to "storage or safekeeping" within meaning of exclusionary portion of insurance contract). Commercial storage contemplates a safekeeping, generally for a reasonable value, with an agreement that the property be returned in the same condition. See Bankers Commercial Corp. v. Mittleman, 21 Misc.2d 1096, 198 N.Y.S.2d 184, 186 (Sup.Ct. 1960). It is unnecessary to decide whether there was a "live" or "dead" storage because we find no storage in the first instance.
Affirmed.