385 So.2d 30 (1980)
Thad ACKEL
v.
COCA COLA BOTTLING COMPANY, Grover Verrett, ABC Insurance Company and XYZ Insurance Company.
No. 11143.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1980.
*31 Roy L. Price, and Stephen J. Simone, Metairie, for plaintiff-appellee.
Reuter & Reuter, Kurt S. Blankenship, New Orleans, for defendants-appellants.
Before SAMUEL, BOUTALL and BARRY, JJ.
BARRY, Judge.
Plaintiff was driving his automobile on the primary roadway of private property owned and operated by the Fairgrounds racetrack in New Orleans. A vehicle owned by the defendant and driven by its employee entered the roadway from beneath the grandstand. The vehicles collided causing plaintiff to sustain personal injuries and damage to his vehicle.
Plaintiff was awarded:

Personal Injuries $ 7,500.00
Vehicle Damage 6,824.42
Vehicle Deterioration 3,856.61
Medical Expenses 477.00
 __________
 $18,658.03
Plus expert fees, interest
 and costs.

Defendant is self-insured and appealed on the following issues:
(1) The trial judge erred in finding defendant's employee negligent and the proximate cause of the accident.
(2) The amount awarded for general damages is excessive.
(3) The amount awarded for vehicle damage caused by the collision is excessive.
(4) The amount awarded for deterioration of the vehicle following the accident is not justified because plaintiff breached his duty to mitigate damages.

I.
In the reasons for judgment the trial judge vividly described the location of the accident as it related to the pertinent parts of the racetrack property. Plaintiff entered the property from Gentilly Boulevard and was driving next to the lengthy grandstand structure which is parallel to the roadway. Defendant's employee had already entered the Fairgrounds from the opposite area to make a delivery. The employee had driven his truck to the end of the grandstand and parked under the structure. Plaintiff contends as he approached the end of the grandstand the defendant was driving his truck into the roadway and struck him flush on the right side. Defendant contends he was driving out from beneath the grandstand and was partially turned left when his truck stalled in the roadway; further, he was immobile when plaintiff's vehicle struck his truck with a glancing blow along the side of plaintiff's vehicle creating nominal impact.
It is clear from the facts that plaintiff was proceeding on a primary roadway and defendant was attempting to enter the roadway when the accident occurred. Defendant's contentionthat the truck stalled while attempting to turn left onto the roadway *32 and was stopped at an angleis difficult to believe after looking at photographs of plaintiff's vehicle. The greatest damage on the vehicle occurred to the right front and rear doors causing both doors to be crushed inward. This clearly indicates a direct impact, not a glancing blow as urged by defendant. There is no evidence that plaintiff was driving at an excessive rate of speed nor do the facts indicate any negligence or contributory negligence by the plaintiff. The defendant was leaving an area difficult to see from the roadway and should have exercised extra caution. It appears plaintiff was incapable of avoiding the accident.
In his reasons the trial judge went into great detail analyzing his factual conclusion that the defendant was negligent and the sole cause of the accident. From the record we find no basis to disagree. Factual findings of the trial judge are not to be disturbed absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

II.
Plaintiff is a thoroughbred racehorse owner and trainer who was participating in the racing season at the Fairgrounds when this accident occurred. The trial court awarded Mr. Ackel the sum of seven thousand five hundred dollars ($7,500.00) for pain and suffering. Dr. R. T. Ribando, the family doctor, testified that he found in the neck and cervical area "a great amount of spasm and rigidity of the muscles ... examination of the lumbar spine had a great deal of tenderness with spasms." Plaintiff was also treated by Dr. Randall Williams, an orthopedic surgeon, and was seen once by Dr. W. Aiken, a specialist in neck and back injuries.
The trial court concluded that the plaintiff suffered lumbar and cervical strain for approximately four months. According to plaintiff's testimony, he had intermittent discomfort during the three years awaiting trial. An award of $7,500.00 for this type of strain injury may seem generous considering its primary duration of four months, but not unreasonable with additional evidence of intermittent discomfort over a much longer period of time. Therefore, we find no abuse of discretion in the award of $7,500.00.
Medical expenses of $477.00 were not contested on appeal nor were expert fees of $200.00 each for Drs. Berkett and Ribando.

III.
Appellant questions the amount awarded for vehicle damage as a result of the collision.
On the day of the accident defendant had the damaged Jaguar examined by an estimator who calculated repairs at $6,012.15. Later, plaintiff had an employee of Paretti Pontiac prepare an estimate which amounted to $6,824.42. The trial judge listened to both estimates and was in the best position to evaluate the testimony of each witness. Without a compelling reason we are not in a position to disagree and accordingly affirm the crash damage estimate of $6,824.42.

IV.
We have a problem with the award of $3,856.61 to repair interior parts of the vehicle damaged solely from deterioration and exposure to the elements from the day of the accident on January 6, 1976 to the date of trial on March 20, 1979.
After the accident defendant called Paretti Pontiac who dispatched a tow truck which took the vehicle to Paretti's place of business. Thereafter the automobile remained in an outside area uncovered and unattended for more than three years.
Plaintiff was the title owner of the Jaguar which he purchased several months earlier with a $7,600.00 loan. He contends defendant assumed control of his vehicle when it had the car moved from the accident location and, accordingly, became responsible thereafter. Defendant asserts that it merely removed the vehicle from the scene of the accident and did nothing further since the cause of the accident was in dispute and liability had not been determined.
*33 The doctrine of mitigation of damages applies in Louisiana as well as common law jurisdictions (also known as doctrine of avoidable consequences). LSA-C.C. Art. 2323.
Certainly the owner of a damaged vehicle has the responsibility to do something within a reasonable period of time other than remain totally inactive or silent in order to protect his property. Some effort should be made by the owner to minimize damages which are foreseen or could easily have been averted. This is especially true where the owner seeks property damages three years after the accident when he did nothing to mitigate his property loss. Plaintiff was the owner and only person with authority to order repairs, or to seek salvage, or to do anything necessary to preserve his property. Failure to do so should not allow him to complain thereafter. Accordingly, we amend the judgment to disallow the award of $3,856.61 for vehicle deterioration damage.
One cannot stand by silently and allow himself to be damaged when by his acts or words he could prevent or lessen the damage. Nunez v. Superior Oil Co., 406 F.Supp. 261 (D.C.La.1976).
The victim of a tortious act owes a duty to minimize the loss sustained by him if he is reasonably able to do so. Crowson v. Bayou State Oil Corp., 367 So.2d 417 (La.App. 2nd Cir., 1979).
For the reasons assigned, the judgment appealed from is amended to reduce the $18,658.03 award in favor of the plaintiff-appellee to $14,801.42. As thus amended, and in all other respects, the judgment is affirmed. Costs of this appeal to be paid by defendant-appellant.
AMENDED and AFFIRMED.