EDWARDS, Judge.
Defendant, Elton Corley, d/b/a E & R Auto Repair, appeals a parish court judgment awarding Lawrence J. Earl, Sr., $2,400.00, interest and costs. We affirm.
A review of the record indicates that in October of 1979, Lawrence Earl brought his 1974 Oldsmobile to Elton Corley for certain repairs. A dispute subsequently broke out as to whether the repairs had been made properly. The precise chronology of facts is in dispute but Corley ultimately sold Earl’s car under LSA-R.S. 32:521-522, the Stored Motor Vehicles law.
Earl then brought this action for tortious conversion.
LSA-R.S. 32:521 provides, in pertinent part:
“A. Whenever any motor vehicle of a type subject to registration in this state, has been stored, parked, or left in a garage, or any type of public storage or parking lot, where fees are charged for such storage or parking, .. .. ”
It is clear that Earl did not voluntarily store, park or leave his vehicle in a garage. He merely brought it to Corley for repairs. Regardless of the merits of each party’s contentions, R.S. 32:521 was not a valid means by which Corley might recover disputed sums from Earl.
Privileges are stricti juris and will be strictly construed. Southern Savings Association v. Langford Land Company, 372 So.2d 713 (La.App. 4th Cir. 1979), writ denied 374 So.2d 659 (La.1979). It is, therefore, irrelevant whether Corley might have utilized other, more appropriate, remedies such as LSA-R.S. 9:4501 or LSA-C.C. Art. 3217. He did not and his decision to proceed under inapplicable law resulted in a judgment for the plaintiff on the basis of conversion.
We agree with the trial court’s analysis, find his assessment of damages reasonable and, affixing the trial court’s reasons for judgment as Appendix A, affirm with all costs to be paid by appellant, Elton Corley.
AFFIRMED.
APPENDIX A
“REASONS FOR JUDGMENT
This suit arises by petition filed by the plaintiff, Lawrence J. Earl, Sr., on May 16, 1980, wherein he alleges that defendant, Elton Corley, d/b/a E & R Auto Repair, is indebted unto him in the full and true sum of Four Thousand, Eight Hundred Dollars ($4,800.00), plus attorneys fees and interest. Petitioner alleges that he delivered his 1974 Cutlass automobile to defendant on or about October 30, 1979, for the purpose of having defendant install a new transmission in said vehicle. He alleges that this was not done and, instead, defendant repaired or overhauled the transmission. As a result of this, a dispute arose between the parties and allegedly, despite repeated demands, defendant refused to surrender petitioner’s vehicle and to replace the transmission. As a result of this, plaintiff alleges an illegal *9 and tortious conversion of said vehicle and claims damages under Civil Code Article 2315.
Petitioner further asserts a claim of Three Hundred Dollars ($300.00) for tools and Fifty Dollars ($50.00) for tapes that were lost as a result of this alleged action on the part of defendant. Additionally, plaintiff seeks the sum of Three Thousand Dollars ($3,000.00), as the cost of replacing his vehicle and One Thousand, Four Hundred Fifty Dollars ($1,450.00) for inconvenience, embarrassment and humiliation.
In his answer, defendant generally denies the allegations of plaintiff’s petition and, further, asks that the Department of Public Safety be made defendant in reconvention. The record shows, however, that no service nor citation was ever made upon the Department of Public Safety.
FACTS
Plaintiff was the owner of a 1974 Cutlass automobile, having purchased this car new for Four Thousand, Seven Hundred Dollars ($4,700.00), and in October of 1979, he brought said car to the defendant to have the transmission replaced. Defendant contradicts this and states that plaintiff authorized him to either repair or replace said transmission. A dispute developed between the parties when plaintiff returned for his vehicle and he refused to pay the defendant the full amount of his repairs, since his requested work was not performed. Additionally, attempts were made by plaintiff to obtain his vehicle without success, and later, the defendant sold plaintiff’s automobile under the Louisiana Stored Motor Vehicle Law.
Plaintiff and two of his witnesses, Mr. Hilliard and Mr. James, testified that plaintiff returned to defendant’s shop to obtain his vehicle and to pay the bill, but that the defendant refused to permit plaintiff to obtain his vehicle, and advised plaintiff that the ear was his.
Subsequently, after proceeding under the provisions of R.S. 32:521, et seq., the defendant received from the Motor Vehicle Department a permit to sell and then title the vehicle in his own name. The vehicle was later sold to Mr. Clark Nickens on February 25, 1980, for One Thousand Dollars ($1,000.00).
FINDINGS
In the Court’s view, the central issue involved in this case is whether or not Louisiana’s Stored Motor Vehicle Law applies to the facts of this case and affords to the defendant the remedy which he availed himself of.
In his memorandum, the defendant cites the case of Thompson v. Wormack, 231 So.2d 636, which is a 1970 case from the Third Circuit Court of Appeal, for the proposition that the artisan who has repaired an article may retain the same until his bill is paid and the repairman may proceed to have the thing sold under his privilege where the debt has not been paid. This remedy to the repairman is conferred under Article 3217 of the Civil Code and under Louisiana R.S. 9:4501. The proper remedy or procedure available to defendant would have been to proceed under R.S. 9:4501, et seq., and to have the vehicle sold under the privilege afforded him herein. It is the Court’s opinion that the Louisiana Stored Motor Vehicle Law does not apply to the facts of this case and that the defendant was not authorized to proceed under this legislation. Having failed to do so, the actions of the defendant in this case constitutes an illegal conversion of plaintiff’s property, which subjects him to damages under Article 2315 of the Civil Code.
DAMAGES
Plaintiff testified that he purchased the vehicle new, for Four Thousand, Seven Hundred Dollars ($4,700.00). Mr. Bennett, who qualified as an expert used car appraiser, testified that, in his opinion, the car was valued at Two Thousand, Three Hundred Dollars ($2,300.00) in May of 1979. The date on which plaintiff delivered his vehicle to the defendant was October 30, 1979; therefore, this would involve a depreciation of approximately five or six months since *10 the date of the appraisal. The Court feels that an allowance of Six Hundred Dollars ($600.00) for this depreciation interval is reasonable, leaving a net value of One Thousand, Seven Hundred Dollars ($1)700.00) for this item. The Court feels that a fair value for the various items claimed by the plaintiff is Two Hundred Dollars ($200.00), plus the sum of Five Hundred Dollars ($500.00) for the inconvenience, embarrassment and humiliation of being without a car for approximately four months, and having to depend on friends for transportation. The Court will not allow any claim for attorneys fees, because there has been no showing that attorneys fees are provided for in this instance.
Judgment will be signed accordingly.”