442 So.2d 518 (1983)
Joseph G. JACKSON
v.
Noel A. BRUMFIELD d/b/a Tiger Towing.
No. 83 CA 0052.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*519 Byron Magbee, Baton Rouge, for plaintiff-appellee Joseph G. Jackson.
Warren D. Ponder, Baton Rouge, for defendant-appellant Noel A. Brumfield d/b/a Tiger Towing.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
This is a suit for wrongful conversion. Defendant, Noel A. Brumfield d/b/a Tiger Towing, appeals the trial court's determination *520 that it wrongfully converted plaintiff's, Joseph G. Jackson's, vehicle.
On November 1, 1979, plaintiff, while driving his 1978 Lincoln Continental Towncar, was involved in an automobile accident in Baton Rouge. After a police investigation, his allegedly inoperable vehicle was towed to a lot owned and operated by the defendant. The next day, plaintiff returned to his home in Wisconsin, leaving the vehicle at defendant's lot. In February, 1980, more than 90 days after the accident, defendant notified plaintiff that the vehicle would be sold to satisfy storage and towing charges.
The defendant obtained two "appraisals" on February 27, 1980 in the identical amounts of $325.00. Subsequently, application was made to and granted by the Department of Public Safety, State of Louisiana, to sell the vehicle. On March 24, 1980, the same day that the permit was granted, the vehicle was sold by the defendant to Veronica Ann Hudson for $325.00.
The trial court found that the statute of which the defendant availed himself for the privilege of selling the vehicle (i.e., L.S.A.-R.S. 32:521(F)) was inapplicable. Further, it found L.S.A.-R.S. 32:521(E) was applicable and that the defendant had failed to comply with its provisions. Having found that the defendant failed to comply with the terms of L.S.A.-R.S. 32:521(E), the trial court held that a cause of action for breach of contract and wrongful conversion existed. Plaintiff was awarded $7,575.00, the value of the vehicle as per NADA and $3,000.00 for mental anguish and inconvenience. The expert witness fee for Mr. Martin McAuliffe was fixed at $75.00.
Defendant asserts the trial court erred in holding that (1) the plaintiff carried his burden of proof that the appraisals required by L.S.A.-R.S. 32:521(F) were insufficient to comply with the statute, (2) awarding damages to the plaintiff for breach of contract and wrongful conversion, and (3) in the alternative, awarding the plaintiff $10,575.00 for breach of contract and wrongful conversion.
L.S.A.-R.S. 32:521(F) provides in pertinent part:
"If, however, the vehicle is in a wrecked or salvaged condition, or has been reduced in value below one-half the NADA Book Value of a similar vehicle in average operable condition, and if the storage and/or wrecker service costs and charges have equaled to, or surpassed the highest of two appraisals made by a competent, qualified, independent appraiser,..." (Emphasis added).
This statute requires as an essential element of any action to secure authority to sell a stored vehicle for charges owed, that two appraisals be made by a competent, qualified, independent appraiser. In the instant case, the trial court found that the "appraisals" obtained by the defendant were of absolutely no use and to be completely disregarded.
The court gave great weight to Mr. Martin McAuliffe, Senior Property Adjuster for Prudential Insurance Company, the only qualified appraiser to testify at trial. He stated that as of December 9, 1979, the vehicle's damages amounted to $2,857.17, plus $142.15 for towing and storage charges. He further testified that the vehicle's value as per NADA valuation was $7,575.00 if the vehicle was in average condition. Mr. McAuliffe stated that he considered the vehicle to be in average condition except for the amount estimated for the vehicle's damages. Based upon these facts, the trial court concluded that the defendant had failed to comply with the statute's provisions.
Great weight must be given to the factual conclusions reached by the trier of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and we may not substitute our own evaluations and inferences for the reasonable evaluations and inferences of the trier of fact unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); and Esta v. Dover Corporation, 385 So.2d 439 (La.App. 1st Cir.1980), writ denied, 392 So.2d 690 (La.1980).
*521 We find that the trial court was correct in completely disregarding the defendant's "appraisals." Accordingly, the defendant has failed to meet an essential element of the aforementioned statute and has wrongfully converted plaintiff's automobile. As such, this assignment of error is without merit.
Defendant next contends that the trial court erred in awarding damages to the plaintiff for a breach of contract and wrongful conversion under a theory of mitigation of damages. Defendant cites us four cases which he contends required plaintiff to mitigate his damages. See Aultman v. Rinicker, 416 So.2d 641 (La. App. 2nd Cir.1982); Ackel v. Coca Cola Bottling Company, 385 So.2d 30 (La.App. 4th Cir.1980); Carpenter v. Hartford Accident and Indemnity Co., 333 So.2d 296 (La.App. 1st Cir.1976); and Darnell v. Taylor, 236 So.2d 57 (La.App. 3rd Cir.1970). We find these cases to be inapplicable in this sense in that under Louisiana jurisprudence, an injured party has a duty to exercise reasonable diligence and ordinary care in attempting to minimize his damages after the injury has been inflicted. In the instant case, plaintiff was not injured by the defendant until the wrongful conversion occurred. As such, he had no duty to mitigate damages until after defendant's act of selling plaintiff's vehicle. At that point in time, there was no way in which plaintiff could mitigate his damages save filing suit. He was under no duty to mitigate damages prior to defendant's act of selling the vehicle. Accordingly, we find defendant's contention is totally without merit.
Defendant lastly contends, in the alternative, that the trial court erred in failing to reduce the damages awarded by the amount remitted to the plaintiff by his insurer. Such amount was $2,857.17. This is tantamount to pleading that a stipulation pour autrui has been created in the defendant's favor.
Contracts for the benefit of others, or stipulations pour autrui, must be in writing and clearly express the parties' intent to do so. L.S.A.-C.C. arts. 1890, 1902; Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971); and Berry v. Berry, 371 So.2d 1346 (La.App. 1st Cir.), writ denied, 373 So.2d 511 (La.1979). Here, the record is devoid of any such intent by either the plaintiff or Prudential. As such, defendant's contention is without merit. However, we find that the trial court failed to correctly measure the damages sustained by the wrongful conversion as to the vehicle's value.
The measure of damages for conversion in Louisiana consists of the return of the property or the value of the property at the time of the conversion. Haymon v. Holliday, 405 So.2d 1304 (La.App. 3rd Cir. 1981). In the instant case, Mr. McAuliff gave an estimated NADA value quotation of an undamaged vehicle to be $7,575.00. The trial court found that the vehicle had sustained damages in the amount of $2,857.17. As such, the value of the vehicle in its damaged state at the time of the conversion was $4,717.83. However, the trial court awarded plaintiff the vehicle's value in an undamaged state. We find that the trial court was clearly wrong. Accordingly, we amend the trial court's award to reflect the value of the damaged vehicle at the time of its conversion (i.e., $4,717.83).
Defendant also contends that the trial court's award of $3,000.00 to plaintiff for mental anguish and inconvenience is excessive. The trial court is awarded great discretion in awarding general damages for mental anguish caused by tortious conversion. Holland v. First National Bank of Crowley, 398 So.2d 186 (La.App. 3rd Cir. 1981). We find that the trial court did not abuse its discretion in the award to plaintiff for mental anguish and inconvenience. As such, defendant's assignment of error is without merit.
For the above and foregoing reasons, judgment of the trial court is affirmed in all respects except as to the award for the vehicle's value for wrongful conversion. In this respect, judgment is amended to reflect the vehicle's true value, $4,717.83, *522 at the time of the conversion. Defendant, Noel A. Brumfield d/b/a Tiger Towing, is to pay all costs.
AMENDED AND AS AMENDED, AFFIRMED.