CHEHARDY, Chief Judge.
This appeal arises from a judgment in favor of plaintiff, H.E. Mills, and against defendants, Julius P. Martin and Doris Moore Martin, d/b/a RM Body Repair and Frame Center, Inc., in an action for wrongful conversion of property. Defendants reconvened for storage charges and recognition of a lien under LSA-R.S. 32:521, et seq.
On appeal defendants assert the trial judge erred in his calculation of the storage *118 fees and in condemning defendants to pay plaintiff the value of his car. Alternatively, defendants contend the trial judge erred in his calculation of the value of plaintiff’s car.
The facts show that plaintiff took a 1981 Oldsmobile Regency to defendants’ repair and frame shop for repairs to the frame of the car, which was damaged in an accident. The vehicle was taken to the shop for repairs on May 23, 1984.
Subsequently, the parties agreed the defendants would repair the vehicle for approximately $400, conditioned upon plaintiff’s providing the necessary parts.
On July 11, 1984, after no further contact with plaintiff, defendants sent him a letter inquiring whether he still wanted the car repaired, and if not, requesting him to remove his car from their premises. Plaintiff failed to respond, and in November and December defendants mailed two more letters informing him that storage charges were accruing at the rate of $10 per day. In February 1985, defendants applied for a permit to sell the vehicle based on the provisions of LSA-R.S. 32:521, the Stored Motor Vehicles Act. On March 5,1985, the permit to sell was granted.
Sometime thereafter, plaintiff appeared at the frame shop with parts that allegedly were the wrong ones. Defendants refused to repair the car or release it to plaintiff unless he paid the accrued storage fees. Plaintiff refused, left the premises and returned with a police officer. The police officer reviewed defendants’ documents relating to the request to sell the vehicle under the statute, and finding them in order, refused to force defendants to release the vehicle.
Following these events, on April 26, 1985 plaintiff filed suit for wrongful conversion of his property. Defendants filed an answer and reconventional demand in May 1985. In August, the car was auctioned and sold for $2,000. Trial of the matter was held in April 1986, following which the trial judge determined the stored vehicles statute, R.S. 32:521, was inapplicable and rendered judgment in plaintiff’s favor for $5,000, subject to a credit of $1,110 for 110 days of storage.
In defendants’ initial specification of error it is asserted the trial judge erred in his calculation of the storage fees for two reasons. First, defendants contend the contract of repair signed by plaintiff provides for the imposition of such fees commencing 48 hours from the time the vehicle is left on their premises. Secondly, they argue that plaintiff breached the contract by failing to provide the parts to repair the vehicle within a reasonable time. That omission, they argue, constitutes a bad faith failure of the contract's resolutory condition entitling them to storage fees for 15 months as damages. Defendants do not contest the trial judge’s finding that R.S. 32:521 is inapplicable to this case.
In calculating the amount of storage fees owed to defendants, the trial judge excluded the period from August 23, 1984 to November 27, 1984, and from March 18, 1985 to August 1985. He excluded the first six months because he found plaintiff did not receive notice that the fees were being charged until November 27, 1984. The trial judge excluded the last five months because defendants refused to deliver the car or make the repairs on March 18, 1984, thus removing the vehicle from plaintiff’s possession.
Despite these findings, defendants first contend they should recover the fees for the full 15 months because of the contract of repair signed by plaintiff. That document states:
“Storage fee of $10.00 per day will be charged 48 hours after work is completed until said vehicle is paid in full. * * ”
After reviewing this language, the trial judge found the provision relates unambiguously to completion of the repair work before the fees commence. Since defendants admittedly made no repairs on plaintiff’s vehicle, he concluded the contract was inapplicable. We agree, consequently we hold the contract does not provide a basis for defendants’ recovery of storage fees for 15 months.
*119 The second basis for defendants’ claim to storage fees for 15 months are LSA-C.C. arts. 3224 and 3225, and the fact that plaintiff breached the contract by failing to perform a resolutory condition, i.e. providing the parts for the repair of the vehicle. The depositary articles provide that a depositary or other person having possession of another’s property is entitled to recover expenses for its preservation, and that he may retain the thing until the expenses are repaid. However, a depositary is not entitled to sell the property of a depositor. LSA-C.C. arts. 3222 and 3223.
Defendants recognize that their actions in selling the car and in refusing to release it to plaintiff were erroneously predicated upon the stored vehicle statute. However, they assert they acted in good faith and with a justifiable basis. Coupling that fact with the depositary articles of the Civil Code cited previously, defendants conclude they should be allowed to recover the storage fees for 15 months. The defendants contend their claim is particularly just in light of plaintiff’s failure to contact them, to respond to their inquiries or to provide the parts within a reasonable time.
The facts elicited at trial undisputably show plaintiff’s car was left with defendants from May 23, 1984 until it was sold in August 1985. The testimony, however, is contradictory as to whether plaintiff kept in touch with defendants during that period. Plaintiff testified he took the car for repair on May 23, 1984, but that the agreement was not confected until two weeks later since defendants did not have time to examine the damage when he took the car to the shop. In October 1984, he stated he informed defendants that his wife had suffered a heart attack and he was not in a hurry to have the work completed. The heart attack occurred on October 12, 1984. According to plaintiff, the defendants did not inform him storage charges were accruing, nor did they request he remove his vehicle from the premises. He stated he was led to believe no problem existed from his failure to provide parts. Plaintiff further claimed he visited the shop 10 or 12 times between October and January 1985. Sometime after January 1985, he alleged he tendered the parts, but defendants refused to repair the vehicle or to return the car until storage charges were paid. It was his testimony that he then left the shop, returning later with the police officer who examined “some papers”, said everything was in order and left the premises.
Defendants, on the other hand, testified that plaintiff did not visit the shop until December 21, 1984. At that time, they agreed to allow him more time to find the parts necessary to repair the car. Defendants stated the plaintiff did not return until March 18, 1985. On that date, his tender was refused and he was told he could not have the car until the storage fees were paid. Shortly thereafter the incident with the police officer occurred. On April 25, 1985, defendants sent another letter to plaintiff requesting him to pay the accrued storage fees calculated from October 1, 1984. The testimony showed the defendants started the procedures for selling the vehicle under R.S. 32:521 on October 19, 1984, the date of their first report to the Department of Public Safety. Defendants requested the permit to sell the vehicle on February 15, 1985 and on March 5, 1985, the permit was granted.
The trial judge herein found plaintiff did not abandon the vehicle. However, he further found defendants were entitled to some portion of their claim, but not for the charges incurred prior to November 27, 1984 or after March 18, 1985. The basis for his disallowance of those amounts was that plaintiff did not receive notice charges were accruing until he received a letter dated November 27, 1984, and that after March 18, 1985, plaintiff was unable to remove the car due to defendants’ refusal to release it to him.
The documentary evidence clearly shows plaintiff did not receive notice of the accrual of charges until he received the November 27, 1984 letter. Prior correspondence failed to mention that fact. In addition the trial judge correctly refused to assess the fees after plaintiff was deprived of the right to remove the car since it was defendants’ actions which caused the vehicle to *120 remain on their premises under their care. Consequently, we hold the trial judge did not err in assessing storage charges for 110 days commencing from November 28, 1984 to March 18, 1985.
In regard to plaintiff's alleged breach of the resolutory condition to provide parts, it is evident the trial judge awarded defendants those amounts which he fairly determined defendants were entitled to receive in damages for plaintiff’s breach of the contract for the reasons cited above. After our review we find no manifest error in this regard. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
Finally, defendants argue in the alternative that the trial judge erred in calculating the value of plaintiffs vehicle. Furthermore, defendants contend that since the trial court found the defendants did not wrongfully convert the car, there exists no legal basis for an award of damages.
The legal doctrine of conversion consists of any act or dominion wrongfully asserted over another person’s property which is in derogation of that individual’s possessory rights. Quealy v. Paine, Webber Jackson & Curtis, Inc., 475 So.2d 756 (La.1985); Star Amusement, Inc. v. Strini, 427 So.2d 659 (La.App. 5 Cir.1983). Any deprivation, whether permanent or for an indefinite time is conversion. The measure of damages for wrongful conversion is the return of the property or the value of the property at the time of the conversion. Quealy, supra; Jackson v. Brumfield, 442 So.2d 518 (La.App. 1 Cir.1983). General damages may also be awarded when appropriate. Quealy, supra.
In Earl v. Corley, 418 So.2d 7 (La. App. 1 Cir.1982), an auto repairer was held liable in damages for conversion when he improperly sold a vehicle under the Stored Motor Vehicles Act. In Jackson, a tow truck operator who was legally entitled to use the stored vehicle statute to sell a stored vehicle was found liable nonetheless for damages for conversion after the court found he failed to follow the requirements of R.S. 32:521. Thus, the fact of defendants’ good faith or justification for using the statute does not preclude a finding that they wrongfully converted plaintiff’s vehicle.
Although the trial judge erred in concluding otherwise in this case, he nevertheless reached the correct result in awarding damages based on the value of plaintiff’s car. In their alternative argument, defendants contend the trial judge erred in calculating that value. Defendants contend the evidence showed a lesser value than the $5,000 awarded.
Evidence as to the car’s value was presented through the testimony of two expert appraisers. Raul Farris testified on behalf of plaintiff. He appraised the vehicle on April 21, 1986 and estimated the value of the car as approximately $5,000, considering the top NADA value of $8,000 minus a repair estimate of $3,228. Defendants’ appraiser stated the value of the vehicle as of January 1, 1986 was $1,300 considering the repair estimate of $4,541.83 and the vehicle’s below average condition.
The value placed on the vehicle varied greatly between the experts. Presented with the testimony of the experts, the plaintiff’s testimony and photographs introduced into evidence, the trial judge apparently believed the value estimated by plaintiff’s expert was realistic. After our review, we do not find the trial judge was clearly wrong in determining the value of the vehicle to be $5,000.
Accordingly, the judgment of the trial court is hereby affirmed.
AFFIRMED.