LABORDE, Judge.
This is a suit for the amount of repairs plaintiff-appellee, Lake Charles Nissan, Inc. (Nissan) performed on a car damaged by flood waters and insured by defendant-appellant, State Farm Mutual Automobile Insurance Company (State Farm). The trial court ruled in favor of Nissan and State Farm now appeals. We find no error on the part of the trial court and affirm its ruling except to amend the judgment to reflect a credit of $2,700.00 representing the amount already paid by State Farm.
FACTS
On November 16, 1987, a 1984 Nissan 300 ZX automobile owned by George McKeiver was delivered to Lake Charles Nissan, Inc., the plaintiff-appellee in this action, for repairs made necessary as a result of water damage caused by a flood. This automobile was insured for property damage by the defendant-appellant, State Farm Mutual Automobile Insurance Company.
After Nissan performed some of the certain repairs, they discovered more extensive repairs were needed. Eventually, the cost of these repairs exceeded the value of the car less its salvage value, and State Farm decided to total out the car and asked Nissan to cease repairing it. A dispute then arose as to exactly how much of the repair work done on the car was authorized by appellant. Nissan filed suit contending that State Farm owed them $6,606.30. In addition, appellee sought storage fees in the amount of $4.00 per day until the sums owed to them were paid in full. The trial court ruled in favor of Nissan and State Farm now appeals this ruling asserting six assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE
In this first assignment of error, appellant contends that the trial court erred in awarding storage fees in this case because the plaintiff did not judicially assert a lien against the automobile as provided in La.R.S. 9:4501. This statute governs a repairman’s privilege for the repair of motor vehicles. Appellee contends that Nissan is entitled to a privilege for storage fees under La.C.C. art. 3224. This article provides:
He who, having in his possession the property of another, whether in deposit or on loan or otherwise, has been obliged to incur any expense for its preservation, acquires on this property two species of rights.
Other circuits have held that an automobile repair shop is entitled to storage fees under this article as long as evidence is presented at trial which affords a basis to levy such charges and the storage time is reasonable. See Mills v. Martin, 506 So.2d 117 (La.App. 5th Cir.1987); Babington v. *616 Stephens Imports, Inc., 421 So.2d 275 (La.App. 4th Cir.1982); Milam Realty Company v. Jones, 7 So.2d 405 (La.App. 2d Cir.1942). Likewise, we believe that an auto repair shop is entitled to storage fees under this article as long as the amount is ascertainable from the record and the storage time is reasonable. The facts of this case indicate State Farm told Nissan to cease working on the vehicle after it became known that the costs of the repairs would exceed the value of the car. Nissan then removed the vehicle from its workshop area and into storage. State Farm and Nissan attempted to work out their differences regarding the bill for an extended period of time, but State Farm refused to pay. According to the record, State Farm knew at all times that Nissan was storing this vehicle and charging $4.00 per day in storage fees. Furthermore, the record includes the total amount of accrued storage fees, thus the amount is ascertainable. We also find the length of storage time to be reasonable given the extensive period of time Nissan and State Farm attempted to negotiate a solution to this dispute. Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
In its second assignment of error, State Farm contends that the city court lacks subject matter jurisdiction because appellee requested storage fees for an indefinite period of time by seeking such fees until the amounts owed to them were paid. State Farm contends that this demand includes a potential for an award exceeding $10,000.00, the jurisdictional limitation in a city court. State Farm is incorrect in its contention. The mere possibility that the amount demanded could exceed $10,000.00 is not enough to vacate the city court of its jurisdiction. La.C.C.P. art. 4841 states that subject matter jurisdiction is limited by the amount in dispute as well as by the nature of the proceeding. This article further states that the amount in dispute is determined by the amount demanded or value asserted in good faith by the plaintiff. La. C.C.P. art. 4843 further provides that the civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute does not exceed ten thousand dollars. In this case, the appellee demanded $6,606.30 for repairs of the car as well as $4.00 per day in storage fees. The amount demanded for city court jurisdictional purposes is to be calculated at the time of filing the petition. This is especially true given that city court dockets are not as congested as other court dockets. Plaintiffs attorney undoubtedly knew that once the petition was filed, a final resolution to the dispute could be obtained rather quickly. Here, the petition was filed on February 28, 1989. As of this date $8,166.30 was the amount demanded, calculated as follows:
$6,606.30 amount for repairs
1,560.00 $4 per day X 390 days[1]
$8,166.30
This $8,166.30 is well under the $10,000 requisite for city court subject matter jurisdiction. Even if the language in the petition regarding the storage fee is ambiguous enough to extend the amount demanded for the $4.00 per day storage fee to the time a judgment was actually rendered in appellee’s favor, such an amount would equal $8,906.30 calculated as follows:
$6,606.30 amount for repairs
2,300.00 $4.00 per day X 575 days [2]
$8,906.30
This amount is still within the subject matter jurisdiction of city court. The fact that a mere possibility exists that the amount demanded may exceed the ten thousand dollar jurisdictional limit is not enough to deny the city court subject matter jurisdiction over this dispute. The only way for the storage fee provision in appellee’s peti- *617 tioir to cause this dispute to exceed the jurisdictional limitations of city court is for the accumulation of these fees to make the demand exceed ten thousand dollars. Given the length of time a case remains on a city court docket before final resolution, such an accumulation was not probable in this case. In fact, after the petition was filed on February 28, 1989 a trial was held and a judgment rendered on August 25, 1989; barely a six month period. Given this, it is likely that plaintiffs good faith demand included an amount well under ten thousand dollars. This position is further strengthened by the fact that appellee submitted a Proposed Findings of Fact and Conclusions of Law following the trial requesting a total amount of $8,791.30 ($6,606.30 for repairs and $2,188.00 for storage fees). This request constitutes the amount demanded in good faith by the plaintiff at the time of its submission. Because this amount is clearly within the jurisdictional limits of city court, the Lake Charles City Court has subject matter jurisdiction over this dispute.
ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, State Farm contends that the trial court was clearly wrong in awarding Nissan the amount claimed for repairs because Nissan did not prove by a preponderance of evidence that State Farm authorized the repairs. State Farm’s estimator, Dale Gui-dry, testified that he only authorized $2,700.00 worth of work on the car while Butch Hardy, a former assistant service manager for Lake Charles Nissan testified that Mr. Guidry authorized the costs of all repairs performed on the car. Mr. Hardy testified that he initially informed Mr. Gui-dry the cost to repair the vehicle would be $2,776.49. When he later found out additional work had to be done on the vehicle, he testified he informed Mr. Guidry the wiring harness needed to be replaced and that this would cost $3,819.22 including tax and labor. Furthermore, Mr. Hardy testified after he informed Mr. Guidry of the total costs including the prior estimate of $6,595.00, Mr. Guidry authorized him to order the parts and repair the vehicle. On the other hand, Mr. Guidry testified that he understood the entire costs to repair the vehicle would be roughly $2,700.00. This is a question of fact for the judge to decide. Findings of fact and the credibility of witnesses should not be disturbed on appeal absent manifest error on the part of the trial judge. Rosell v. Esco, 549 So.2d 840 (La.1989). The facts indicate that the testimony of these two witnesses differ greatly. The trial court was in the position to evaluate the credibility of each of these witnesses. The court obviously chose to believe Mr. Hardy’s testimony over that of Mr. Guidry. Nothing in the record indicates that the trial court committed manifest error, therefore this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, State Farm further contends that the trial court erred in refusing to grant a new trial pursuant to La.C.C.P. art. 1972 on the basis that the judgment allowing storage fees was contrary to law. Because we have found that Nissan was entitled to storage fees under La.C.C. art. 3224 in State Farm’s first assignment of error, this argument is without merit.
ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, State Farm contends that the trial court erred in refusing to grant a new trial pursuant to La.C.C.P. art. 1972 after being presented with evidence that Nissan had not completed all repairs charged for at the time of trial. The record is clear that Nissan ceased work on the vehicle the moment State Farm instructed them to do so. After State Farm informed Nissan they were not interested in spending any more money on the car, this dispute regarding exactly how much of the repairs were authorized by State Farm arose. The trial court resolved this dispute in Nissan’s favor. Furthermore, the trial court made it clear that any repair work not yet performed by Nis *618 san must be complete before Nissan turned the car over to State Farm:
COURT:
Mr. Rozas, if I give you judgment, it’s gonna be included in that judgment, that if he charged for the work, its got to be turned over to the defendant, for everything that’s charged.
MR. ROZAS:
That’s correct, Your Honor, that’s gonna be my next question.
COURT:
So, I mean, if he charged for something, and it’s not done, then it’s got to be done, at least that’s the way I understand it.
State Farm is correct that not all repairs were completed prior to trial, however, the only work completed after trial was that work the trial court found to have been authorized by State Farm. What repairs were actually authorized was the central issue in this case. The trial court ruled in favor of Nissan on this issue, and now State Farm is attempting to argue the trial court forced them to allow Nissan to perform additional repairs. State Farm was only cast in judgment for those repairs which the trial court found to be authorized by State Farm. In fact, State Farm admits in its reply brief that Nissan completed those repairs which had not been made after the Hearing on the Motion For A New Trial. The record indicates that this hearing was not transcribed, but the trial court denied the motion. We find no error in the trial court’s finding so this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, State Farm contends that the judgment should reflect a $2,700.00 credit for the amount already tendered by State Farm. State Farm also contends that there is an $11.30 difference between Butch Hardy’s estimate and the amount State Farm was actually billed. Mr. Hardy’s estimate totaled $6,595.00 while the amount billed and the amount State Farm was cast in judgment totaled $6,630.00. Nissan admits that State Farm is entitled to a $2,700.00 credit. It appears that Nissan’s counsel received this check only two days prior to trial and this payment was inadvertently omitted from the type written judgment. As to the discrepancy in the estimate and the amount billed, Nissan explains that the final bill sent to State Farm includes a $10.00 freight charge. This is explained by the fact that Mr. Hardy’s estimate was turned over to Nissan’s cashier for billing. The cashier then sets the amount of the final billing once all prices and labor are figured. We believe Nissan’s explanation for this small discrepancy is reasonable and affirm the judgment in the amount of $6,630.00 subject to the $2,700.00 credit. We further agree with Nissan that this issue is moot as the judgment has already been paid and the car released to State Farm.
DECREE
We affirm the trial court's ruling in all respects except to amend the judgment to reflect the $2,700.00 payment previously tendered by State Farm. All costs of this appeal are assessed against State Farm Mutual Automobile Insurance Company.
AMENDED AND AFFIRMED AS AMENDED.
STOKER, J., dissents and assigns reasons.

. The 390 days was calculated by computing the number of days from February 4, 1988 to February 24, 1989 including one extra day for the 1988 leap year.

. The 575 days was calculated by computing the number of days from February 4, 1988 to September 25, 1989 the date the judgment was signed including one extra day for the 1988 leap year.